## JODIE BRANDRIFF *v.* TOM SELLAS

SUPERIOR COURT
JUDICIAL DISTRICT OF
NEW HAVEN

HOUSING SESSION
FILE No. 8501-08312

Memorandum filed February 14, 1985

*Robert Ward,* for the plaintiff.

*Tom Sellas,* pro se, the defendant.

BARNETT, J. In the present summary process suit, the return day specified in the writ is January 15, 1985. That date is a legal holiday. In a summary process action, the return day may be any weekday, including Saturday, except a holiday. General Statutes § 52-48 (a). The defendant, in his motion to dismiss, contends that the plaintiff's choice of an improper return day deprives the court of subject matter jurisdiction. In response, the plaintiff requests permission to amend so that the return day will be changed from January 15 to January 16.

It cannot be disputed that an improper return day affects the court's jurisdiction. *Hartford National Bank & Trust Co.* v. *Tucker,* 178 Conn. 472, 478–79, 423 A.2d 141 (1979), cert. denied, 445 U.S. 904, 100 S. Ct. 1079, 63 L. Ed. 2d 319 (1980). At an earlier period in our jurisprudence, an improper return day was a defect which could not be corrected. *Hoxie* v. *Payne,* 41 Conn. 539, 540 (1874).

In 1917, however, the General Assembly adopted a provision that is now codified in § 52-72 of the General Statutes. See 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 106, pp. 438–39. The pertinent language from General Statutes § 52-72 (a) reads as follows: "Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day . . . upon payment of costs taxable upon sustaining a plea in abatement." At the present time, the motion to dismiss has supplanted the former plea in abatement as the method of challenging the court's jurisdiction. Practice Book § 143.

The Connecticut Supreme Court has said that the purpose of § 52-72 is to provide for the amendment of otherwise incurable defects that affect jurisdiction. *Hartford National Bank & Trust Co.* v. *Tucker,* supra, 478–79. There is no doubt that the plaintiff's request to amend can be granted so that the jurisdiction of the court will be preserved.

Remaining for consideration is the manner by which the amendment can be accomplished. The plaintiff suggests that the proper procedure is a filing of the amendment and a mailing of a copy to the defendant in the manner permitted by Practice Book §§ 121 through 123. The court disagrees. The defect of an improper return day is not a minor defect. Rather, as previously noted, an improper return day is a defect which could not be corrected at all until § 52-72 was enacted.

Subsection (b) of § 52-72 states that "[s]uch amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of service, as if originally proper in form." According to Stephenson, a new service of the amended writ is necessary. 1 Stephenson, supra. The plaintiff may amend, but service of the amendatory process must be made in the manner prescribed by the service of summons statute, General Statutes § 52-54.

Formerly, when the plea in abatement was the method for testing the court's jurisdiction, the ability of the opposing party to amend was not considered to be a proper ground for refusing to sustain the movant's plea. *Corden* v. *Zoning Board of Appeals,* 131 Conn. 654, 658, 41 A.2d 912 (1945). With the motion to dismiss, however, a different practice should be followed for the reason that the losing party on a plea in abatement had an opportunity to plead over,[1] whereas the losing party on a motion to dismiss does not. Practice Book § 145.

At this time, the defendant's motion to dismiss is granted unless the plaintiff properly amends the return day of her complaint within two weeks from the date of this memorandum.

---

[1] The provisions for pleading over upon a sustaining of a plea in abatement were contained in General Statutes §§ 52-124 and 52-125. These sections were repealed by Public Acts 1978, No. 78-379, §§ 26, 27.