[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Rudra Samarpana Tamm (Tamms), the plaintiffs, appealed the October 1, 1990 decision of the Greenwich Planning Zoning Board of Appeals ("Board"). Service upon the defendant was made on October 4, 1990. Therefore, the plaintiffs have brought this appeal in a timely manner. General Statutes 8-8(b). The Board has moved to dismiss the appeal on the grounds that (1) the appeal contains an improper citation; (2) the plaintiffs failed to direct the sheriff to serve the town clerk in the citation or the other documents filed; and (3) the statutory bond requirements have not been met because Samarpana Tamm, a plaintiff in this appeal, has signed as surety on the bond. In accordance with Practice Book Section 143, the Board and plaintiffs have filed appropriate memoranda of law.
"[O]nce the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented' (citations omitted); and the court must fully resolve it before proceeding further with the case.'" Castro v. Viera,207 Conn. 420, 429-30, 541 A.2d 1216 (1988). "A motion to dismiss for lack of subject matter jurisdiction may be made at any time." Stroiney v. Cresent Lake Tax District, 205 Conn. 290,294, 533 A.2d 208 (1987). "Subject matter jurisdiction, unlike jurisdiction of the person, cannot be created through consent or waiver." Castro v. Viera, 207 Conn. 420, 430, 541 A.2d 1216
(1988).
In ruling on a motion to dismiss, the court must accept as true all material factual allegations and construe them most favorably to the plaintiffs. American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217, 459 A.2d 1031 (1983). Every presumption favoring jurisdiction should be utilized; Conn. Light Power Co. v. Castle, 179 Conn. 415, 421, 426 A.2d 1324 (1980); CT Page 8469 and the motion may be granted only if it is clear, on the face of the record, that the court is without jurisdiction. Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
A. Use of An Improper Form
At oral argument, the plaintiffs conceded that the use of summons form CV-1 was inappropriate for an administrative appeal, however, the use of the incorrect form is not always fatal to an appeal.
 As long as it contains a proper citation, signed by a competent authority, [the] use [of an improper form] does not call into question the jurisdiction of the Superior Court to entertain the appeal . . . If the form [that was used] clearly apprises all concerned that a lawsuit is being instituted, and contains notice of the return date, and the requirement for filing an appearance, and also directs a competent authority to summon the defendant, then the policy of giving notice to to defendant of the nature of the proceedings has been served.
McQuillan v. Department of Liquor Control, 216 Conn. 667, 672-73,583 A.2d 633 (1990) (citations omitted). The documents filed by the plaintiffs in this case informed the defendant of the appeal that was being taken and of the return date on the verified complaint, and directed a competent authority to summon the defendant to appear at a designated court. Thus, it found that the "deviation from the preferred Practice Book form did not deprive the citation of all legal effect." Id., 673.
B. Failure To Authorize Service Upon The Town Clerk
Although service upon the town clerk was made by the sheriff, the defendant argues that the failure of plaintiffs' papers to authorize or direct the sheriff to do so is a violation of General Statutes Section 8-8. Plaintiffs argue that citing the zoning board was sufficient and that it is not necessary to cite the town clerk as a party. Plaintiffs also contend that service upon the above mentioned parties was sufficient to insure that the general town government as well as the relevant commission have notice.
In Simko v. Zoning Board of Appeals, 205 Conn. 413,533 A.2d 879 (Simko I), and in Simko v. Zoning Board of Appeals,206 Conn. 374, 538 A.2d 202 (1988) (Simko II), the court held that General Statutes Section 8-8(b) required that the chairman of the ZBA and the town clerk be cited and served. However, the legislature, in response to Simko I II, amended Section 8-8. CT Page 8470
 We acknowledge that effective April 20, 1988, the legislature enacted Public Acts 1988, No. 88-79, which amended General Statutes Section 8-8(b) and 8-28(a) specifically in response to this court's rulings in Simko I and Simko II. While No. 88-79 of the 1988 Public Acts continues to require that the chairman or clerk of the zoning board and the clerk of the municipality both be served with true and attested copies of the appeal, it further provides that "service upon the clerk of the municipality shall be for the purpose of providing notice of such appeal to said board and shall not thereby make such clerk a necessary party to such appeal."
Schwartz v. Planning Zoning Commission, 208 Conn. 146, 151, n. 5. 543 A.2d 1339 (1988). Therefore, based on the foregoing it is the opinion of the court that the town clerk need not have been cited. "In administrative appeals, the citation is the writ of summons that directs the sheriff or some other proper officer to seek out the defendant agency and to summon it to a particular sitting of a particular court on a specific day." McQuillan, supra, 671. (Citations omitted) (Emphasis added). In the instant case the plaintiffs, by citing the ZBA, authorized the sheriff to summon the defendant into court. Pursuant to Section 8-8(e), the purpose of serving the clerk is to provide legal notice of the appeal to the board and does not make the clerk a necessary party. It is found that because the sheriff served the town clerk and the chairman of the board of appeals, the defendant has received legal notice of the appeal. Therefore, the failure of plaintiffs' summons to direct the sheriff to serve the town clerk did not prevent the plaintiffs from complying with Section 8-8.
C. Compliance With The Bond Requirement
The defendant argues that because the plaintiffs filed a bond in which Rudra Tamm is the principal and Samarpana Tamm is the surety, there is no surety and therefore no compliance with Section 8-8(h). The plaintiffs argue that Section 8-8 does not require that all plaintiffs be principals on the bond, nor does it prohibit one plaintiff from being a surety. The plaintiffs add that even if the bond is improper, its omission does not destroy the jurisdiction of the court over this appeal.
Section 8-8(h) provides in relevant part that "[t]he authority issuing a citation in the appeal shall take from the appellant . . . a bond or recognizance to the board, with surety to prosecute the appeal to effect and comply with the orders and decrees of the court." (Emphasis added). "Where the words of a
CT Page 8471
statute are clear, the task of a reviewing court is merely to apply the directive of the legislature. . . ." Keleman v. Rimrock Corp., 207 Conn. 599, 606, 542 A.2d 720 (1988). "In construing a state, common sense must be used and courts will assume that the legislature intended to accomplish a reasonable and rational result. Ford Motor Credit Co. v. B. W. Beardsley, Inc.,208 Conn. 13, 20, 542 A.2d 1159 (1988). It is found that the clear language of Section 8-8(h) requires the appellant to provide a bond or recognizance. It is also the opinion of the court that the words "with surety" require that a party other than the plaintiff act as surety. Any other interpretation of the above section would defeat the purpose of protecting the defendant. "Although the giving of a proper bond or recognizance is an essential element in the taking of an appeal, a statutory provision requiring such a bond is solely for the benefit of the defendant." Sheehan, supra, 410. (Citations omitted) (Emphasis added).
However, despite the fact that plaintiffs' failure to provide a proper bond or recognizance is an irregularity, it does not destroy the jurisdiction of the court over the subject matter of the action. Sheehan, supra, 411. Since the failure to comply with the bond requirement is not fatal to this appeal, the plaintiffs could cure the defect by filing a timely amendment. Id.
Formerly, when the plea in abatement was the method for testing the court's jurisdiction, the ability of the opposing party to amend was not considered to be a proper ground for refusing to sustain the movant's plea. Corden v. Zoning Board of Appeals, 131 Conn. 654, 658 41 A.2d 912 (1945). With the motion to dismiss, however, a different practice should be followed for the reason that the losing party on a plea in abatement had an opportunity to plead over, whereas the losing party on a motion to dismiss does not. Diaz v. Truemen, 1 CSCR 85, 85-6 (January 23, 1986, Hennessey, J.); Practice Book Section 145. Therefore the court will allow the plaintiffs two weeks from the receipt of this court's memorandum of decision, as was done in Brandriff v. Sellas, 40 Conn. Sup. 243, 245, 488 A.2d 853 (1985) (two weeks to amend the bond and surety before dismissing this appeal.
Accordingly, it is found that defendant's motion to dismiss is granted unless the plaintiffs properly amend the bond and surety within two weeks from the date of receipt of this memorandum.
JOHN J.P. RYAN, JUDGE