[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS, #102; MOTION TO AMEND SERVICE OF PROCESS, SUMMONS AND COMPLAINT
ISSUES
1. Whether the court should grant the defendants' motion to dismiss because the writ bears an improper return date.
2. Whether the court should grant the defendants' motion to dismiss because the writ, summons and complaint were returned to court fewer than six days before the return date.
3. Whether the court should grant the plaintiffs' motion to allow the plaintiffs to serve an amended writ, summons and complaint.
FACTS
The following facts appear on the face of the writ and summons form and the sheriff's return. The plaintiffs, Jonathan D. Forsythe and Thelma L. Forsythe, commenced this action by causing process to be served on the defendants, Frank W. DiMarco, Mary A. DiMarco, Connecticut Realty Associates of Hebron, Inc. and William Raveis Real Estate, Inc, between January 17, 1992, and January 27, 1992. The return date is Friday, February 21, 1992.[1] The complaint was filed in court on February 18, 1992.
DISCUSSION
"Practice Book Sec. 143 provides in relevant part: `The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . .'" Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, CT Page 6058 12 n. 1, 578 A.2d 646 (1990). "The motion to dismiss. . . admits all facts which are well pleaded, invokes the existing record and must be decided on that alone." Barde v. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). "Furthermore, in the area of subject matter jurisdiction. . . `the court should indulge every presumption in favor of subject matter jurisdiction.'" Caserta v. Zoning Board of Appeals, 219 Conn. 352, 362, 593 A.2d 118 (1991), quoting LeConche v. Elligers, 215 Conn. 701, 714, 579 A.2d 1 (1990) (citation omitted). To that end, the court must "consider 
the allegations of the complaint in the light most favorable to the plaintiff." Cummings v. Tripp, 204 Conn. 67, 75,527 A.2d 230 (1987) (citations omitted).
It is beyond question that when a plaintiff fails to make the return date a Tuesday in conformance with General Statutes Sec. 52-48(a)[2] he may serve an amended writ to cure this defect. General Statutes Sec. 52-72.[3] If the only defect were the failure to make the return day a Tuesday, the plaintiff could change the original return day to the nearest Tuesday to the improper date to avoid violating General Statutes Sec. 52-48(b) which provides that all process must be made returnable not later than two months after the date of the process. See, e.g., Brandriff v. Sellas, 40 Conn. Sup. 243, 243-45, 488 A.2d 853 (1985).
In the present case, however, the plaintiffs have nothing to amend because the plaintiffs failed to return the writ, summons and complaint to court at least six days before the return date in accordance with General Statutes Sec. 52-46(a). This defect cannot be cured by amendment and renders an action subject to dismissal. Rogozinski v. American Food Service Equipment Corporation211 Conn. 431, 433-35, 559 A.2d 1110 (1989).
Because the violation of General Statutes Sec.52-46a is not curable by amendment, no practical relief can follow from the proposed service of the amended writ, summons and complaint and therefore the motion is moot and is denied by the court. See Furstein v. Hill, 218 Conn. 610,627, 590 A.2d 939 (1991).
CONCLUSION
The court grants the motion to dismiss because the writ, summons and complaint were not returned at least six days before the return date in conformance with General Statutes Sec. 52-46a. The court denies the motion for leave to serve an amended writ, summons and complaint because the motion is moot in that the violation of General Statutes CT Page 6059 Sec. 52-46(a) cannot be cured by amendment.
AUSTIN, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk