ISSUES
1. Whether the court should deny the plaintiff's motion for summary judgment because summary judgment may not be rendered against a special defense.
2. Whether the court should grant the defendant's motion for summary judgment because there are no genuine issues of material fact and the defendant is entitled to judgment as a matter of law because the original writ bore an improper return date and because the service of the amended writ was made beyond the period allowed by the relevant statute of limitations.
FACTS
The following facts are reported in the memorandum of decision of the court, Arena, J., dated January 22, 1992, and reference is made thereto. The plaintiffs, Stewart Danziger and Rita Johnson, commenced this action by causing a true and attested copy of the original writ, summons and complaint to be served on the defendant, Ida J. Shakaitis, on April 17, 1991. The complaint alleges that on April 21, 1989, the defendant negligently caused an automobile collision in which the plaintiffs suffered damages.
The return date of the original writ, summons and complaint was Wednesday, May 8, 1991. This return date was improper pursuant to General Statutes 42-48(a).[1] Subsequently, the plaintiffs requested leave to amend their writ, summons and complaint by changing the return date to Tuesday, May 7, 1991. The plaintiffs caused the amended writ to be served on May 31, 1991. CT Page 5379
On November 21, 1991, plaintiff Johnson moved for summary judgment on the defendant's first special defense to the second count of the complaint. On November 27, 1991, the defendant moved for summary judgment on the second count of the complaint as to plaintiff Johnson only. On January 22, 1992, the court Arena, J., denied the plaintiff's motion as improper and granted the defendant's motion on the ground that the action was barred by General Statutes 52-584 because although the original service was made within the applicable statute of limitations, the original return date was improper and the amended writ was not served within the applicable time period and did not relate back to the original service for the purpose of determining whether the action was brought within the statute of limitations.
Plaintiff Danziger now moves for summary judgment on the defendant's special defense. The defendant also moves for summary judgment based on her special defense. The pleadings are closed. Both parties have filed memoranda of law and appended appropriate documentation thereto.
DISCUSSION
 "`Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."'" Gurliacci v. Mayer, 218 Conn. 531, 561-62, 590 A.2d 914 (1991).
Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991).
I. Plaintiff Danziger's Motion for Summary Judgment
Because Practice Book 379 does not allow summary judgment to be rendered against a special defense, the plaintiff Danziger's motion is improper.
II. Defendant's Motion for Summary Judgment
The defendant argues that this action is barred by General Statutes 52-584,[2] which provides that actions seeking to recover damages for injuries caused by negligence must be commenced within two years from the date the injuries were sustained. The defendant argues that because the original service of process bore an improper return date, the court did not take jurisdiction over the action until the date of the service of the amended writ and the statute of limitations had run by then.
Plaintiff Danziger argues, inter alia, that, pursuant to General CT Page 5380 Statutes 52-72(b), the service of the amended writ is deemed to have been made when the service of the original process was made. Accordingly, plaintiff Danziger argues that the action was commenced within the period provided by General Statutes 52-584.
General Statutes 52-72 provides:
 (a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement.
 (b) Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally proper in form.
 (c) If the court, on motion and after hearing, finds that the parties had notice of the pendency of the action and their rights have not been prejudiced or affected by reason of the defect, any attachment made by the original service and the rights under any lis pendens shall be preserved and continued from the date of service of the original process as though the original process had been proper in form. A certified copy of the finding shall be attached to and served with the amended process.
The defendant argues that the phrase "from the date of such service" indicates that the court is without jurisdiction over the action until the service of the amended writ is made and therefore, the action was not brought within the period provided by General Statutes 52-584. The defendant further argues that if the legislature wished the service of the amended writ to relate back it could easily have use the phrase "from the date of service of the original process" as it had in subsection (c).
Plaintiff Danziger argues, inter alia, that the phrase "from the date of such service" is mere surplusage and that if the court interprets the statute in the way suggested by the defendant, then the phrase "as if originally proper inform" becomes surplusage.
"It is true that an improperly specified return date affects the court's jurisdiction. Hartford National Bank Trust Co. v. Tucker,178 Conn. 472, 478-79, 423 A.2d 1141 (1979), cert. denied,445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 319 (1980)." Carlson v. Fisher, 18 Conn. App. 488, 495, 558 A.2d 1029 (1989). "`The defect of an improper return day is not a minor defect. Rather . . . an improper return day is a defect which could not be corrected at all until [General Statutes] 52-72 was enacted.' Brandriff v. Sellas,40 Conn. Sup. 243, 244, 488 A.2d 853 (1985)." Id., 495-96.
"[T]here is a presumption of purpose behind every sentence CT Page 5381 clause or phrase, and that no word in a statute is to be treated as superfluous." Beloff v. Progressive Casualty Ins. Co., 203 Conn. 45,58, 523 A.2d 477 (1987). The court "must read the act as a whole, with a view toward harmonizing its separate provisions in order to render an overall reasonable interpretation." Vernon Village, Inc. v. Carothers, 217 Conn. 130, 137, 585 A.2d 76 (1991) (citations omitted). The court "must avoid a construction that fails to attain a rational and sensible result that bears directly on the purpose the legislature sought to achieve. [Citation omitted.] If there are two possible interpretations of a statute, [the court] will adopt the more reasonable construction over the one that is unreasonable." Jones v. Mansfield Training School, 220 Conn. 721,726, A.2d (1992).
In order to give meaning to each phrase and clause in General Statutes 52-72 and to give an overall reasonable interpretation to this section, it is necessary to compare subsection (b) to subsection (c). Subsection (c) provides that under certain circumstances, the rights secured by an attachment or a lis pendens are "preserved and continued" from the date of the improper service until the date of the amended service despite the fact that the court is without jurisdiction due to an improper return date. By contrast, subsection (b) provides that in situations other than those involving an attachment or a lis pendens, the court lacks jurisdiction over the action and nothing is "preserved and continued" until the date the amended writ is served. Once the amended writ is served, however, it has "the same effect . . . as if originally proper in form." Where neither an attachment nor a lis pendens is in the picture, nothing legally cognizable is in existence between the service of an improper writ and the service of an amended writ, but that upon the service of the amended writ the original improper writ is deemed to have been "originally proper in form." Accordingly, the service of the amended writ is deemed to have been made when the service of the original process was made and, therefore, the action was commenced within the period provided by General Statutes 52-584. To hold otherwise would be to place form over substance and defeat the remedial purpose of the statute. See Hartford National Bank Trust Co. v. Tucker, supra, 478-79.
This court is acutely aware that the holding of this court parts company with Judge Arena's interpretation of General Statutes52-72 as contained in the court's memorandum of decision of January 22, 1992. Nonetheless, "[t]he law of the case is not written in stone" McCutcheon Burr, Inc. v. Berman,218 Conn. 512, 525, 590 A.2d 438 (1991). "A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings, and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision." Rosenblit v. Danaher, 206 Conn. 125
CT Page 5382 132-33, 537 A.2d 145 (1988) (citations and internal quotation marks omitted).
CONCLUSION
The court denies the plaintiff Danziger's motion for summary judgment because a motion for summary judgment which attacks a special defense is improper. The court denies the defendant's motion for summary judgment because the service of the amended writ relates back to the original service for the purpose of determining whether the action was timely commenced.