[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The pro se plaintiff, Stanley V. Tucker, is the record owner of property consisting of land and a residential apartment building in Torrington, Connecticut [hereinafter "the property"]. Taxes were assessed on the property by the City of Torrington in 1986, 1987, 1988, 1989 and 1990. Plaintiff did not challenge the assessments at the Board of Tax Review or at the Superior Court. When plaintiff failed to pay the assessed taxes, the defendant Joseph Cordani, Sr., Tax Collector of Torrington, notified the plaintiff that Torrington planned to sell the property at a public auction on April 25, 1992 pursuant to General Statutes 12-157.
On February 19, 1992, plaintiff filed the instant substituted two count complaint. Count one seeks declaratory relief and damages pursuant to 42 U.S.C. § 1983 on the grounds that General Statutes 12-157
CT Page 8006 is unconstitutional and void for failing to provide adequate due process. Count two seeks "temporary and permanent injunction[s] against any attempt to collect" taxes on the property on the ground that the tax assessor failed to properly evaluate the property.
On April 10, 1992, defendant filed a timely motion to dismiss and supporting memorandum of law on the grounds that: (1) plaintiff failed to exhaust his administrative remedies; (2) plaintiff failed to cite and serve necessary parties; (3) plaintiff asserted an improper return date and failed to properly return to court; and (4) plaintiff failed to provide security for prosecution or recognizance.
On May 13, 1992, plaintiff filed an opposition to the motion to dismiss along with an opposing memorandum of law.
On May 18, 1992, defendant filed an amended motion to dismiss on the ground of mootness. Defendant's amended motion was accompanied by a supporting memorandum. No supporting affidavits were filed.
On May 27, 1992, plaintiff filed an objection to the amended motion to dismiss.
The motion to dismiss is the procedural vehicle to test the court's jurisdiction. Upson v. State, 190 Conn. 622, 624, 461 A.2d 991 (1983). The motion to dismiss is used to assert "(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book 143; Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 12-13 n. 1, 578 A.2d 646 (1990).
Defendant argues each of the grounds for his two motions to dismiss in his supporting memoranda.
Plaintiff argues in his opposing memoranda that: (1) defendant is in default for failure to file an answer and thus has unclean hands and is not entitled to have his motions to dismiss heard; (2) defendant waived his claims for any motion to dismiss because defendant filed his motions more than thirty days after filing an appearance; (3) plaintiff timely and properly served the parties and returned to court; (4) the grounds of defendant's motions do not fit within Practice Book 143; (5) there is no appropriate administrative remedy; (6) all necessary parties have been served and appear in the instant action; and (7) plaintiff provided a cost bond.
 I
"`"Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person."'" (Citations and emphasis omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80, CT Page 8007554 A.2d 728 (1989). "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss . . . within the time provided by Sec. 142 [within thirty days of the filing of an appearance]." Practice Book 144.
General Statutes 52-48 provides in relevant part: "(b) All process shall be made returnable not later than two months after the date of process and shall designate the place where court is to be held." (Emphasis added.) General Statutes 52-48(b).
Practice Book 49 provides in relevant part:
 Mesne process in civil actions shall be a writ of summons or attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and accompanied by the plaintiff's complaint. Such writ may run into any judicial district or geographical area and shall be signed by a commissioner of the superior court or a judge or clerk of the court to which it is returnable. . . . [T]he writ of summons shall be on a form substantially in compliance with the . . . Form JD-CV-1 in . . . civil actions. . . .
(Emphasis added.) Practice Book 49.
Although a writ of summons need not be technically perfect or conform exactly to the form set out in the Practice Book, it is a statutory prerequisite to the commencement of a civil action and is an essential element to the validity of the jurisdiction of the court. Hillman v. Greenwich, 217 Conn. 520, 526, 587 A.2d 99 (1991).
An improper return date is a defect which affects personal jurisdiction over the defendant. Asen v. Butler Bill Associates, Inc., 5 CTLR 253, 254 (December 16, 1991, McGrath, J.), citing Hartford National Bank Trust Company v. Tucker, 178 Conn. 472, 478-79, 423 A.2d 141, cert. denied, 445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 319 (1979); Brandriff v. Sellas, 40 Conn. Sup. 243, 244, 488 A.2d 853 (1985) (Barnett, J.)
Plaintiff did not provide a Form JD-CV-1 or a form "substantially in compliance" with JD-CV-1 with his complaint, thus the file completely lacks any return date. Plaintiff's failure to provide any return date is a defect affecting this court's jurisdiction over the defendant. Defendant did file his motion to dismiss within thirty days after filing his appearance. Accordingly, defendant's motion to dismiss is granted for lack of personal jurisdiction.
II CT Page 8008
"The doctrine of primary jurisdiction is a rule of judicial administration created by court decision in order to promote `proper relationships between the courts and administrative agencies charged with particular regulatory duties.'" (Citation omitted.) Mazzola v. Southern New England Telephone Co., 169 Conn. 344, 348, 363 A.2d 170 (1975). The doctrine of primary jurisdiction arises when a plaintiff, in the absence of pending administrative proceedings, invokes the original jurisdiction of the court to decide the merits of a controversy. Sharkey v. Stamford, 196 Conn. 253, 256, 492 A.2d 508 (1985). "It is well established that resort to the administrative process is generally a prerequisite to invoking the jurisdiction of the court." (Citations omitted.) Connecticut Assn. of Boards of Education, Inc. v. Shedd, 197 Conn. 554,562, 499 A.2d 797 (1985).
The doctrine comes into play whenever enforcement of the claim requires the resolution of issues that a regulatory scheme has placed within the special competence of an administrative body. (Citations omitted.) Mazzola v. Southern New England Telephone, supra, 349. In such cases the judicial process is suspended pending referral of such issues to the administrative body for its views. Id.
The doctrine of primary jurisdiction differs from the doctrine of exhaustion of administrative remedies, which requires a party to exhaust such remedies before seeking judicial relief and contemplates claims that are initially enforceable exclusively by administrative action. (Citations omitted.) Id., 349-50. Exhaustion of administrative remedies "contemplates a situation where some administrative action has begun, but has not been completed. . . .'" (Citations and emphasis omitted.) Id.
`"`It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter.'"' (Citations omitted.) Pet v. Department of Health Services, 207 Conn. 346,350-51, 542 A.2d 672 (1988). Thus, the exhaustion doctrine implicates subject matter jurisdiction. Id., 351.
"`The claim that the property [has] been wrongfully or excessively assessed [can be] appealed in one of two ways: (1) to the board of tax review and from there, within two months, to the Superior Court pursuant to 12-111 and 12-118; or (2) by direct action to the court within one year from the date when the property was last evaluated for purposes of taxation pursuant to 12-119.'" Voluntown v. Rytman,21 Conn. App. 275, 283-84, 573 A.2d 336 (1990), quoting Norwich v. Lebanon,193 Conn. 342, 346-48, 477 A.2d 115 (1985).
In Sharkey v. Stamford, the supreme court, noting the substantial similarity between the doctrines of primary jurisdiction and exhaustion of administrative remedies, construed defendants' motion to dismiss on the ground of failure to exhaust administrative remedies as a motion to dismiss for failure to exercise primary jurisdiction. Sharkey v. Stamford, CT Page 8009 supra, 256. As in the Sharkey case, the defendant's motion to dismiss in the instant action on the ground of failure to exhaust administrative remedies should be construed as a motion to dismiss for failure to exercise primary jurisdiction.
Exhaustion of administrative remedies is not required before bringing a claim under 42 U.S.C. § 1983. Fetterman v. University of Connecticut,192 Conn. 539, 549, 374 A.2d 1176 (1984), citing Patsy v. Board of Regents of the State of Florida, 457 U.S. 496, 102 S.Ct. 2557,73 L.Ed.2d 172
(1982). Thus, the doctrine of primary jurisdiction cannot be applied to plaintiff's count one, which is brought pursuant to 42 U.S.C. § 1983. However, the doctrine is applicable to plaintiff's count two, which alleges that plaintiff's property was wrongfully assessed. Conn. Gen. Stat.12-111, 12-118 and 12-119 provide a complete administrative remedy for challenging wrongful property tax assessments.
Plaintiff never availed himself of the statutorily prescribed means of challenging the tax assessments on his property. Thus this court lacks subject matter jurisdiction over plaintiff's count two under the doctrine of primary jurisdiction.
Defendant's motion to dismiss is granted for lack of personal jurisdiction because plaintiff failed to provide a return date. Additionally, the court lacks subject matter jurisdiction over plaintiff's count two under the doctrine of primary jurisdiction.
SUSCO, J.