[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TODISMISS AS TO COUNTS THREE, FOUR FIVE]
I.
[ISSUES]
Whether the failure to include the name and address of one of the plaintiffs in the writ of summons constitutes a jurisdictional defect; and
Whether the amended writ of summons was properly saved pursuant to General Statutes § 52-72; and
Whether the entire complaint should be dismissed if the defendants prevail on either or both of the above claims; and
Whether the TRO should be dissolved.
 II.
[FACTS]
This action was commenced by writ of summons and complaint made returnable to the Superior Court on March 29, 1994. The five count complaint requests declaratory and temporary injunctive relief and damages.
The named plaintiffs in the complaint are four individuals, William E. Allen, Richard Knobelman, Gary Novick and Bruce Simonds, and a Connecticut professional corporation, Radiology Consultants, CT Page 4532 P.C. Radiology Consultants, P.C., is owned in part by the individual plaintiffs. The writ of summons, however, identifies only the individuals as plaintiffs, not the corporation.
On March 29, 1994, the defendants filed a motion to dismiss the complaint in its entirety on the grounds, inter alia, of insufficiency of process, in that the writ of summons fails to state the name and address of Radiology Consultants, P.C. as a plaintiff. The defendants also filed a memorandum of law in support of the motion.
The plaintiffs filed a motion, entitled "Amendment of Writ as of Right", dated March 31, 1994, seeking to amend the writ of summons to include Radiology Consultants, P.C. as a plaintiff. The amended summons, attached to the motion, contains the name and address of Radiology Consultants, P.C. as an additional plaintiff. As stated in the defendants' supplemental memorandum, this amended summons was served via hand delivery by counsel on defendants' counsel.
The plaintiffs subsequently filed an amended complaint, dated April 4, 1994. In the amended complaint, the first count is brought by plaintiff Allen individually and the individual plaintiffs on behalf of a partnership, comprised of the individual plaintiffs and defendants. The second count is brought by the individual plaintiffs seeking damages for themselves and the partnership. Counts three through five are brought on behalf of Radiology Consultants, P.C. The sixth count is brought on behalf of plaintiff Allen. On April 6, 1994, the plaintiffs filed a memorandum of law in opposition to the motion to dismiss, and the defendants filed a supplemental memorandum of law in support of the motion to dismiss.
 III.
[DISCUSSION]
A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. [Park City Hospital v. Commission onHospitals Health Care], 210 Conn. 697, 702, 556 A.2d 602 (1989). "[A motion to dismiss] is also used to assert insufficiency of process." [Asen v. Butler Bill Associates, Inc.], 6 CSCR 1132
(November 12, 1991, McGrath, J.).
"Mesne process in civil actions shall be a writ of summons or CT Page 4533 attachment, describing the parties, the court to which it is returnable and the time and place of appearance, and shall be accompanied by the plaintiff's complaint." (Emphasis added.) Practice Book § 49. See General Statutes § 52-45a. "[A] writ of summons is a statutory prerequisite to the commencement of a civil action." [Hillman v. Greenwich], 217 Conn. 520, 526, 587 Conn. 99
(1991).
If a writ contains a defect, General Statutes § 52-128 permits the plaintiff to "amend any defect, mistake or informality in the writ . . . without costs, within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court; but, after any such amendment, the defendant shall have a reasonable time to answer the same." General Statutes § 52-128. See Practice Book § 175.
In determining whether a defect in the writ requires dismissal of the action, the court must determine whether such defect is circumstantial or jurisdictional. If the defect is circumstantial, General Statutes § 52-123 applies. Section 52-123 states that "[n]o writ . . . shall be abated . . . for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." General Statutes § 52-123. "In construing General Statutes § 52-123, the court in [Federal Deposit Ins. Corp. v.] [Jamlane] stated that despite its facially expansive language the statute has been limited in application to defects in the text of the writ itself but is not available to cure irregularities in the service or return of process." (Citations omitted; internal quotation marks omitted.) [Concept Associates v. Board of Tax Review], 7 Conn. L. Rptr. 319
(September 4, 1992, Gordon, J.). See [Hillman v. Greenwich], supra,217 Conn. 527.
The purpose of General Statutes § 52-72 is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction. [Hartford National Bank Trust Co. v. Tucker],178 Conn. 472, 478-79, 423 A.2d 141 (1979), citing 1 Stephenson, Conn. Civ. Proc. § 106 (2d. Ed.). See [Federal Deposit Ins. Corp. v.Jamlane, Inc.], Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 50 58 57 (May 19, 1992, Hammer, J.). General Statutes § 57-72 states in part,
 (a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong CT Page 4534 return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement.
 (b) Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally proper in form. (Emphasis added.)
"Unless service of process is properly served, the court does not acquire jurisdiction." [Kendall v. Mega Communications],1 CSCR 350, 351 (May 27, 1986, Pickett, J.). Service of the amended process must be made pursuant to General Statutes § 52-54, which provides that "[t]he service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode." [Federal Deposit Ins.Corp. v. Jamlane, Inc.], supra. See [Brandriff v. Sellas],40 Conn. Sup. 243, 245, 488 A.2d 853 (1985). General Statutes § 52-50
further provides that "[a]ll process shall be directed to a sheriff, his deputy, a constable or other proper officer authorized by statute, or, subject to the provisions of subsection (b) of this section, to an indifferent person." General Statutes § 52-50. "The service of the amended writ is deemed to have been made when the service of the original process was made." [Norwich Roman Cath. v.Cromwell Planning Zoning Commission], 7 Conn. L. Rptr. 124 (July 23, 1992, Austin, J.). See [Danziger v. Shakaitis], 7 CSCR 865 (June 23, 1992, Austin, J.).
The defendants assert that the failure to provide the name and address of Radiology Consultants, P.C. as a party plaintiff in the writ of summons requires dismissal of the entire complaint due to the insufficiency of process.[1] The defendants argue that the hand delivery of the amended summons, containing the name and address of Radiology Consultants, P.C., is insufficient under General Statutes § 52-72(b) and § 52-50.
The plaintiffs concede that the omission of Radiology Consultants, P.C., in the original writ constitutes a defect. However, the plaintiffs contend that this defect was cured on March 31, 1994, two days after the return date, by the filing of the amended writ pursuant to Practice Book § 175. CT Page 4535
Several Connecticut court decisions have addressed the analogous situation of a plaintiff's failure to include the defendant's name in the writ. In [Coiro v. Duran], 4 Conn. L. Rptr. No. 17, 569 (September 9, 1991, Wagner, J.), an appeal from an administrative grievance proceeding, the plaintiff named the defendant in the complaint but failed to name it in the writ of summons. The court in [Coiro v. Duran] granted the motion to dismiss only as to the unnamed defendant on the ground that the failure to name the defendant in the writ was an incurable substantive defect beyond the scope of § 52-123, thereby depriving the court of personal jurisdiction over the unnamed defendant.
In [Mason Contractors, Inc. v. Tower Shopping Plaza], 6 Conn. L. Rptr. No. 9, 260 (May 4, 1992, Curran, J.), a cross-claiming plaintiff failed to name a defendant in the writ of summons and failed to serve the unnamed defendant. The court held that this defect was not merely a defect in description which could be considered circumstantial pursuant to § 52-123 or subject to amendment pursuant to § 52-72, "since it appears from the sheriff's return that there was no service of the original process." Id. Accordingly, the court dismissed the cross-claim as to the unnamed defendant on the grounds of insufficiency of process and lack of personal jurisdiction.
Finally, in [Bethea v. Gary], 7 Conn. L. Rptr. 157 (July 24, 1992, Maiocco, J.), the plaintiff named the defendant in the complaint, but failed to name the defendant in the writ. Service was, however, made on this defendant. The court, in addressing the defendant's objection to the plaintiff's request to amend the summons, distinguished [Mason v. Tower] and [Coiro v. Duran], and held that the defect in the summons was merely circumstantial and an amendment of the summons would not prejudice the defendant. Accordingly, the court in [Bethea v. Gary] authorized the plaintiff to amend the summons.
In the present case, the plaintiffs admittedly omitted the corporate plaintiff's name and address from the original writ of summons, which was otherwise properly served on all the defendants. In an attempt to cure this defect in the writ, the plaintiffs' counsel hand delivered an amended summons, which includes Radiology Consultants, P.C. as a plaintiff. The failure by the plaintiffs to inform the defendants in the writ of the names of all the parties bringing the suit is a jurisdictional, not a circumstantial, defect. Accordingly, General Statutes § 52-72, not § 52-123, governs CT Page 4536 the treatment of the defect in the writ. Pursuant to § 52-72(b), service of the amended summons must conform to the requirements of §§ 52-50 and 52-54. The plaintiffs, by hand delivering the amended summons from plaintiffs' counsel to defendants' counsel, failed to adhere to the requirements of §§ 52-50 and 52-54. The service of the amended summons, as required by § 52-72, was insufficient, thus depriving the court of jurisdiction. Accordingly, that defendants' motion to dismiss should be granted.
 IV.
This conclusion raises the question as to whether the entire complaint should be dismissed or whether only those counts (three, four and five) applicable to the plaintiff whose name was omitted from the writ of summons should be dismissed.
No Connecticut cases have been found which deal with the severability of a complaint in these circumstances.
This court prefers the position that the valid portions of a complaint should be salvaged if at all feasible. In this case, the individual plaintiffs would be victimized if the entire complaint were stricken. This sums both harsh and inequitable since the writ of summons and the amended complaint are valid as to them.
It is therefore ordered that only counts three, four and five be dismissed.
 V.
The defendants argue that the TRO granted ex-parte should be dissolved by virtue of the fact that an "invalid complaint" was the basis for its being granted.
The plaintiffs point out that if the TRO were dissolved, the pending arbitration would be rendered moot.
A court should exercise its powers so as to encourage and permit the arbitration process to operate. Further, there are still viable portions of this complaint.
The TRO will remain in effect till further order of court. Proceedings in this matter are stayed pending arbitration or further order of court. CT Page 4537
Anthony V. DeMayo, Judge