[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Gundersen instituted this action on March 30, 1994 and set the return date at April 17, 1994, which was a Sunday.[1] On CT Page 7371 April 13, 1994, he filed an amended complaint in which he attempted to correct the return date to April 19, 1994, a Tuesday. On May 13, 1994, Penn Central Corporation (hereafter "Penn Central") filed a motion to dismiss the amended complaint based, in part, on Secs. 52-46 and 52-72 of the General Statutes.
A challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. Park City Hospital v. Commissionon Hospitals Health Care, 210 Conn. 697, 702. "The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v.Water Pollution Control Authority, 195 Conn. 682, 687. Section52-46 provides, inter alia, that "[c]ivil process . . . returnable to the superior court, [shall be] at least twelve days, inclusive, before such [return] day."
Section 52-72 provides that:
 (a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement.
 (b) Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally proper in form.
"Section 52-72 requires the new service of the writ and process when they are amended only to correct process `which has been made returnable to the wrong return day or is for any otherreason defective. . . .'" Hartford National Bank Trust Co. v.Tucker, 178 Conn. 472, 478.
The defendant argues that because: (1) the plaintiff's original complaint specified the wrong return date, and (2) the plaintiff, when filing his amended complaint on April 11, 1994, failed to serve a writ and summons specifying the proper return date, the court is without jurisdiction over this action. The plaintiff counters that: (1) the amended complaint dated April 11, 1994 amended the return date to April 19, 1994, and, if served by mail pursuant to Sec. 122[2] of the Practice Book, the amendment is sufficient, and (2) since service of the original complaint was made on March 25, 1994, the amendment CT Page 7372 complaint dated April 11, 1994 and filed on April 13, 1994 is retroactive to the original service date of March 25, 1994. The citation to the Practice Book is inapposite. These provisions apply to serving pleading subsequent to the return to court — pleadings arising out of the allegations or responses to such complaint.
In Brandriff v. Sellas, 40 Conn. Sup. 243, the defendant filed a motion to dismiss the plaintiff's action based on the plaintiff's choice of an improper return date. In response to the defendant's motion, the plaintiff requested permission to amend the return day to an appropriate date. The Brandriff court recited that:
 The Connecticut Supreme Court has said that the purpose of Sec. 52-72 is to provide for the amendment of otherwise incurable defects that affect jurisdiction. Hartford National Bank Trust Co. v. Tucker, supra, 478-79. There is no doubt that the plaintiff's request to amend can be granted so that the jurisdiction of the court will be preserved.
 Remaining for consideration is the manner by which the amendment can be accomplished. The plaintiff suggests that the proper procedure is a filing of the amendment and a mailing of a copy to the defendant in the manner permitted by Practice Book, Secs. 121 through 123. The court disagrees. The defect of an improper return day is not a minor defect. Rather, as previously noted, an improper return day is a defect which could not be corrected at all until Sec. 52-72 was enacted.
 Subsection (b) of Sec. 52-72 states that `[s]uch amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of service, as if originally proper in form.' According to Stephenson, a new service of the amended writ is necessary. 1 Stephenson, supra. The plaintiff may amend, but service of the amendatory process must be made in the manner prescribed by the service of summons statute, General Statutes, Sec. 52-54.
Brandriff v. Sellas, supra, 244-245.
In the present case, the plaintiff merely mailed the amended complaint and amended return date to the defendant in contravention of General Statutes, Sec. 52-54, which mandates that "[t]he service of a writ of summons shall be made by the CT Page 7373 officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode." Since service in this case was not served in the same manner as other civil process, the defendant's motion to dismiss is, accordingly, granted.
Moraghan, J.