[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant has filed a motion to dismiss this case on the ground the plaintiff's summons specified as a return date July 17, 1995, a Monday, rather than a Tuesday, in violation of General statutes § 52-48. For the reasons stated below, the motion is granted unless the plaintiff properly amends the return date of her complaint within three weeks from the date of this memorandum.
The defendant argues that this court lacks jurisdiction because the plaintiff did not comply with General statutes § 52-48(a), which requires that process be made returnable on a Tuesday. Failure to comply with the requirements of § 52-48(a) renders an action subject to dismissal. Rogozinski v. American Food ServiceEquipment Corp. , 211 Conn. 431, 559 A.2d 1110 (1989).
The plaintiff claims that a Tuesday return date is not required because this proceeding is brought under the statutes pertaining to arbitration proceedings, General statutes § 52-408et. seq. She argues that § 52-410, which pertain to applications for court orders to proceed with arbitration, does not explicitly require a Tuesday return date. The plaintiff also points out that special proceedings are heard in this Judicial District on Mondays.
There are two reasons why a Tuesday return date is required. First, unless the governing statute specifies otherwise, special proceedings must comply with the requirements set forth for civil actions in general. See, e.g. Middlesex Mutual Assurance Co. v.Clinton, Superior Court, Judicial District of Middlesex, Docket No. 70756 10 Conn. L. Rptr. 643 (January 24, 1994) (Walsh, J.). General statutes § 52-410 does not specify otherwise. Instead, it provides as follows: "The application shall be by writ of summons and complaint, served in the manner provided by law."
Second, this case is more than just a special proceeding to compel arbitration. The plaintiff has joined, perhaps improperly[1], claims for double, treble, and punitive damages, as well as CT Page 491 attorney's fees, based upon allegations (1) the defendant intentionally and willfully breached the terms of the insurance policy it issued, (2) the defendant violated the Unfair Insurance Practice Act, General Statutes §§ 38a-815 et. seq., and (3) the defendant violated the Unfair Trade Practices Act, General statutes §§ 42-110 et. seq. This case is a civil action which must be made, returnable on a Tuesday.
This court's granting the motion to dismiss without qualification would not serve the ends of justice. At one time in our jurisprudence, an improper return date was a defect which could not be corrected. See Brandriff v. Sellas, 40 Conn. Sup. 243
(1985). General statutes § 52-72 permits the amendment of an improper return date in civil process after the return date has passed. Concept Associates. Ltd. v. Board of Tax Review,229 Conn. 618 (1994). While the plaintiff has not moved to amend the summons, she should be given the opportunity to do so. SeeBrandriff v. Sellas, supra. Service of an amended writ is necessary and must be made in the manner prescribed by the service of process statute, General statutes § 52-54. From a review of the sheriff's return, it appears that this task can easily be accomplished at a cost of $44.00, assuming a motion to amend is granted.
The defendant's motion to dismiss is granted unless the plaintiff properly amends the return date of the summons within three weeks of the date of this memorandum.