[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUN OF DECISION
The plaintiffs, James F. Connelly, executor, and James F. Connelly, individually, commenced the current action against the Wendover Financial Services Corporation (Wendover) and Freedom First Mortgage, LLC, in a three count complaint filed on December 27, 2001. The summons listed January 18, 2001, a Thursday, as the return date[1]. The plaintiffs subsequently filed an amended complaint and summons on January 4, 2002, seeking to amend the return date to January 15, 2002, a Tuesday, and to correct one of the defendants' names. The plaintiffs certified that a copy of both the amended complaint and the writ of summons were mailed to the defendants on January 2, 2002. On January 24, 2002, Wendover filed its appearance in this action. CT Page 3243
Wendover now moves to dismiss this action on the ground that the court lacks subject matter jurisdiction because the action was commenced with an improper return date. Wendover filed a memorandum in support of its motion and the plaintiffs filed a timely memorandum in Opposition. On February 22, 2002, the plaintiffs filed a request for leave to amend the writ of summons in order to amend the return date to March 19, 2002. Wendover filed a timely objection to this request.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The issue of subject matter jurisdiction can be raised at any time." (Internal quotation marks omitted.) Gagnon v. PlanningCommission, 222 Conn. 294, 297, 608 A.2d 1181 (1992) "Once the question of lack of jurisdiction of a court is raised . . . the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4,675 A.2d 845 (1995).
Wendover argues that the original return date is improper because it was not a Tuesday, and, therefore, in violation of General Statutes § 52-48 (a). Wendover further argues that the plaintiffs' first attempt to amend the complaint and summons was improper because it was mailed to the defendants instead of being properly served. Wendover further objects to the plaintiffs' request to amend the writ of summons on the ground that the amendment would violate General Statutes § 52-48
(b) since the proposed return date is more than two months after the date of process in this case.
The plaintiffs object to Wendover's motion because they are now seeking to amend the return date to March 19, 2002, and to serve the defendants in the manner prescribed by law. The plaintiffs seek this amendment pursuant to the rule set forth in Brandriff v. Sellas, 40 Conn. Sup. 243,488 A.2d 853 (1985).
General Statutes § 52-48 (a) provides in relevant part that "[p]rocess in civil actions . . . brought to the Superior Court may be made returnable on any Tuesday in any month." Section 52-48 (b) further provides that "[a]ll process shall be made returnable not later than two months after the date of the process and shall designate the place where court is to be held." CT Page 3244
The return date on the original summons and complaint was clearly improper, because it was a Thursday, rather than a Tuesday, in violation of § 52-48 (a). The court must still determine, however, whether the plaintiffs' first attempt to amend the summons and complaint was improper and, if so, whether the plaintiffs may now request to amend the complaint with a return date of March 19, 2002.
General Statutes § 52-72 (a) provides that "[a]ny court shall allow a proper amendment to civil process that has been made returnable to the wrong return day or is for any other reason defective, upon payment of costs taxable upon sustaining a plea in abatement." "[A]s a remedial statute, § 52-72 must be liberally construed in favor of those whom the legislature intended to benefit." Haigh v. Haigh, 50 Conn. App. 456,464, 717 A.2d 837 (1998). The court has held that "the purpose of §52-72 is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction." (Internal quotation marks omitted.) Coppolav. Coppola, 243 Conn. 657, 663, 707 A.2d 281 (1998).
The plaintiffs originally attempted to amend the summons and complaint with a return date of January 15, 2002, a Tuesday. In attempting to amend, the plaintiffs mailed the amended summons and complaint to the defendants, rather than serving the defendants. Section 52-72 (b) clearly provides, however, that "[s]uch amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as if originally proper in form." (Emphasis added.) Here, the plaintiffs failed to serve the defendants in the same manner as other civil process. Accordingly, the plaintiffs' first attempt to amend the summons and complaint must fail.
In response to Wendover's motion to dismiss, the plaintiffs filed a request to amend the writ of summons with a return date of March 19, 2002. The plaintiffs rely on Brandriff v. Sellas, supra, 40 Conn. Sup. 243, in support of their argument. Wendover argues that the plaintiffs' proposed amendment is improper because the new return date would be more than two months after the date of the process in violation of § 52-48
(b).
In Brandriff v. Sellas, supra, 40 Conn. Sup. 243, the court held that "[t]he plaintiff may amend, but service of the amendatory process must be made in the manner prescribed by the service of summons statute, General Statutes § 52-54." Id., 245. Further, in Concept Associates, Ltd. v.Board of Tax Review, 229 Conn. 618, 642 A.2d 1186 (1994), the court rejected "the defendants' claim that an amendment to correct a defective return date is proper under § 52-72 only if it is sought before the return date has passed." (Internal quotation marks omitted.) Id., 625. CT Page 3245
The Supreme Court has held, however, that although a return date may be amended, "it still must comply with the time limitations set forth in § 52-48 (b)." Coppola v. Coppola, supra, 243 Conn. 666. As previously noted, § 52-48 (b) requires that "all process shall be made returnable not later than two months after the date of the process." General Statutes § 52-48 (b). "Section 52-48 (b), therefore, with its two month limit, circumscribes the extent to which a return date may be amended." Coppola v. Coppola, supra, 243 Conn. 666-67; see also OlympiaMortgage Corp. v. Klein, 61 Conn. App. 305, 763 A.2d 1055 (2001) (holding that the trial court should have allowed the plaintiff to amend the return date from June 1, 1999 to May 11, 1999, in order to comply with § 52-48 (b)).
In this case, Wendover was served with process on December 14, 2001, and the plaintiffs are currently seeking to amend the writ of summons with a return date of March 19, 2002. The proposed return date is, however, more than three months after Wendover was served with process. Similarly, in Archie v. Yale New Haven Hospital, Superior Court, judicial district of New Haven, Docket No. 430379 (January 13, 2000, Fracasse,J.), the plaintiff was seeking "to amend the June 29, 1999 return date to a date over three months after the date on which the defendant was served with process." Id. The court held that an amendment from June 29, 1999 to September 14, 1999 would violate § 52-48 (b) because the defendant was served on June 1, 1999, over two months prior to the requested amended date. Id. The court further noted that "the limitations found in General Statutes § 52-48 (b) required that the return date be amended to a date no later than August 1, 1999." Id.
"[I]n light of General Statutes § 52-48 (b) and Coppola, if a return of process `defect' involves a [plaintiffs'] failure to return process to court within two months after service on the defendant, such a defect implicates the court's subject matter jurisdiction." Archie v.Yale New Haven Hospital, supra, Superior Court, Docket No. 430379. Here, the plaintiffs are seeking to amend the return date to March 19, 2002, which is more than three months after Wendover was served with process on December 14, 2001. The time limitations in § 52-48 (b) required that the return date be amended to a date no later than February 14, 2002. SeeArchie v. Yale New Haven Hospital, supra, Superior Court, Docket No. 430379.
Because the plaintiffs failed to return process to the court within two months after service on Wendover, such a defect implicates the court's subject matter jurisdiction. Accordingly, the court denies the plaintiffs' request to amend the writ of summons. and grants Wendover's motion to dismiss.
THOMAS G. WEST, J. CT Page 3246