[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action by the Water Pollution Control Authority of the City of Bridgeport (WPCA) for breach of contract in which the WPCA alleges that the defendant failed to pay for services rendered to her by the WPCA.
The return date typed on the writ of summons and complaint was August 27, 2002. It was then changed to "September 24, 2002."
Abode service was made on the defendant on July 25, 2002 according to the return of service of the City Sheriff.
The writ was filed with the court on September 18, 2002. Attached to the mense process at the time of filing was an Amended Complaint dated September 17, 2002 in which the plaintiff plead that said it had amended the return date to September 24, 2002 by right.
The certification on the Amended Complaint indicated that the Amended Complaint "has been mailed, postage prepaid, by first class mail on the above date" [September 17, 2002] to the named defendant.
It cannot be disputed that an improper return day affects the court's jurisdiction. Hartford National Bank Trust Co. v. Tucker,178 Conn. 472, 478-79 (1979).
"The defect of an improper return day is not a minor defect. Rather, . . . an improper return day is a defect which could not be corrected at all until § 52-72 [C.G.S.] was enacted." Brandriff v. Sellas,40 Conn. Sup. 243, 245 (1985).
"Subsection (b) of § 52-72 states that `[s]uch amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of service, as if originally proper in form.' According to Stephenson, a new service of the amended writ is CT Page 2959-g necessary. 1 Stephenson, supra. The plaintiff may amend, but service of the amendatory process must be made in the manner prescribed by the service of summons statute, General Statutes § 52-54." Id., p. 245.
In the instant case, the defendant was defaulted on December 2, 2002 for failure to file an appearance. In view of the lack of proper service, that default is hereby vacated.
At this time, the plaintiff is ordered to properly amend the return day of its complaint by making proper service upon the defendant within two weeks from the date of this memorandum. Failure to make proper service will result in a judgment of dismissal.
By the Court,
Joseph W. Doherty, Judge CT Page 2959-h