SOUTHPORT MANOR CONVALESCENT CENTER, INC., ET AL. *v.* BRIAN J. FOLEY (13869)

PETERS, C. J., SHEA, CALLAHAN, COVELLO and HULL, Js.

Argued May 10—decision released July 31, 1990

*Dion Moore,* with whom were *James T. Shearin* and, on the brief, *Dwight F. Fanton,* for the appellants (plaintiffs).

*Jeanine M. Dumont,* with whom, on the brief, were *Louis R. Pepe* and *James G. Green, Jr.,* for the appellee (defendant).

COVELLO, J. The issue presented in this case is whether the dismissal of an earlier action for failure to file a timely memorandum in opposition to a motion to dismiss constitutes a final judgment to which the principles of res judicata thereafter attach. We conclude that, under the circumstances presented here, the issues raised in the earlier action have not been disposed of on their merits and are not res judicata, and that the trial court therefore should not have granted a motion to dismiss the subsequent, identical action.

Examination of the record discloses that on September 25, 1987, the plaintiffs, Southport Manor Convalescent Center, Inc., and Albert A. Garofalo, brought an action in the Stamford-Norwalk judicial district against the defendant, Brian J. Foley, seeking a declaratory judgment determining the rights and obligations of the parties under a contract. On October 23, 1987, the defendant filed a motion to dismiss the action alleging: (1) that there was no basis for venue in the Stamford-Norwalk judicial district; and (2) that there was a prior action pending between the parties in the Litchfield judicial district. On November 17, 1987, the trial court granted the motion to dismiss because the plaintiffs had failed to file a timely opposing memorandum required by Practice Book § 143.[1]

---

[1] Practice Book § 143 provided in relevant part: "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . (3) improper venue. . . .

"If an adverse party objects to this motion he shall, at least five days before the motion is to be considered on the short calendar, file and serve

On November 18, 1987, the plaintiffs reinstituted their action (the matter now before this court), in the Fairfield judicial district. On April 18, 1988, the defendant filed a motion to dismiss the second action alleging that an earlier, identical action between the parties had been dismissed for failure to file a timely memorandum pursuant to Practice Book § 143 and that under this court's holding in *Hughes* v. *Bemer,* 206 Conn. 491, 538 A.2d 703 (1988), this constituted a final judgment whose issues were thereafter res judicata as between the parties. The trial court accepted the defendant's argument and granted the motion. The plaintiffs appealed to the Appellate Court, which affirmed the trial court's decision for the same reason. We thereafter granted certification on the issue of whether the earlier dismissal for failure to file the required memorandum resulted in a judgment having the same effect as if the case had been tried on its merits.[2]

In *Hughes* v. *Bemer,* 200 Conn. 400, 510 A.2d 992 (1986) (*Hughes I*), a negligence action, the trial court granted the defendants' motion to strike the complaint for failure to state a cause of action. Upon the plain-

in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

Practice Book §§ 143 and 155 have been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of a motion made under either section. The amendments took effect on October 1, 1989. The earlier judgment in this case became final on December 7, 1987.

[2] We also raised the question of whether a motion to dismiss is the appropriate vehicle to raise the defense of res judicata when Practice Book § 164 expressly requires that such a defense be specially pleaded. In view of our determination of the first issue in the plaintiffs' favor, we need not address this second issue.

tiffs' failure to plead over, the trial court rendered judgment for the defendants.[3] Upon appeal, we concluded that the plaintiffs' failure to file a memorandum of law in opposition to the motion to strike required the trial court to grant the motion to strike as Practice Book § 155 then provided that the failure to file such a memorandum constituted a consent to the granting of the motion.[4]

The plaintiffs in *Hughes I* then reinstituted their action relying on the accidental failure of suit statute. General Statutes § 52-592.[5] The defendants moved to dismiss the second action arguing that § 52-592 was not available to reinitiate actions that had been heard on their merits. The trial court agreed and granted the motion. In *Hughes* v. *Bemer,* 206 Conn. 491, 495, 538 A.2d 703 (1988) (*Hughes II*), we affirmed the trial court's conclusion holding that a judgment that followed "a *consent* to the granting of the motion to strike . . . though not necessarily a determination on the merits, is nevertheless a final judgment whose issues are thereafter res judicata as between the parties." (Emphasis in original.)

---

[3] Practice Book § 157 provides: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the court may upon motion enter judgment against said party on said stricken complaint, counterclaim or cross complaint."

[4] Practice Book § 155 then provided in part: "If an adverse party objects to this motion he shall, at least five days before the date the motion is to be considered on the short calendar, file and serve . . . a memorandum of law. An adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion."

[5] General Statutes § 52-592 provides: "(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . the action has been otherwise avoided or defeated . . . for any matter of form . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action . . . ."

In the instant case, the Appellate Court concluded that the judgment of dismissal for failure to file a timely opposing memorandum "amount[ed] to a judgment on the merits that bars relitigation because of res judicata." *Southport Manor Convalescent Center, Inc.* v. *Foley,* 20 Conn. App. 223, 226, 565 A.2d 878 (1989). The Appellate Court reasoned that while *"Hughes II* determined the effect of a judgment rendered pursuant to Practice Book § 155, governing motions to strike . . . *Burton* v. *Planning Commission,* [209 Conn. 609, 553 A.2d 161 (1989)], has extended the *Hughes II* analysis to Practice Book § 143." Id. We disagree that the *Hughes II* analysis is in all events applicable to a motion to dismiss filed pursuant to Practice Book § 143.

In *Burton* v. *Planning Commission,* supra, the plaintiff failed to file a timely memorandum of law in opposition to the defendant's motion to dismiss. The trial court granted the motion, relying on the language of Practice Book § 143 that required the timely filing of an opposing memorandum. The plaintiff appealed. Because Practice Book §§ 143 and 155 contained identical language, i.e., that "[a]n adverse party who fails timely to file such a memorandum pursuant to this section shall be deemed by the court to have consented to the granting of the motion," we relied upon our earlier holding in *Hughes I* and concluded that the trial court properly granted the motion. *Burton,* however, did not address at all whether a cause of action would survive the granting of the motion to dismiss.

In *Hughes I,* the defendants' motion to strike the complaint in its entirety challenged the most fundamental aspect of the plaintiffs' cause of action, i.e., whether its allegations set forth a claim upon which relief could be granted. The motion alleged that, as pleaded, no cause of action was stated. If no cause of action was stated and the complaint could not be amended to correct this deficiency, judgment necessarily would be ren-

dered for the defendants. See Practice Book § 157. By reason of the operation of Practice Book § 155, the plaintiffs in *Hughes I* were deemed to have consented to such an assertion, an assertion that was pivotal to their claim. " 'Since the decision on the : . . [motion to strike] determined that no right of action existed, the judgment [following a failure to plead over] was as final and complete as a judgment following a trial on the merits. *Brennan* v. *Berlin Iron Bridge Co.,* 71 Conn. 479, 490, 42 A. 625 [1899].' " *Hughes II,* supra, 494.

In the present case, however, by reason of the operation of Practice Book § 143, the plaintiffs' consent amounted to no more than a concession that either: (1) the venue was improper; or (2) a prior action was pending elsewhere. While the latter defect may serve as a basis for abating the action; see *Halpern* v. *Board of Education,* 196 Conn. 647, 652, 495 A.2d 264 (1985); there is nothing in the plaintiffs' concession of the judgment rendered thereafter that directly or tangentially implicates the merits of the underlying controversy.

"In determining whether [to grant a motion to dismiss], the inquiry usually does not extend to the merits of the case. *GHK Exploration Co.* v. *Tenneco Oil Co.,* 857 F.2d 1388, 1392 (10th Cir. 1988); *State* v. *S & R Sanitation Services, Inc.,* 202 Conn. 300, 301, 521 A.2d 1017 (1987); *Rhodes* v. *Hartford,* 201 Conn. 89, 92, 513 A.2d 124 (1986); *Davis* v. *Board of Education,* 3 Conn. App. 317, 320, 487 A.2d 1114 (1985)." *Lampasona* v. *Jacobs,* 209 Conn. 724, 728, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S. Ct. 3244, 106 L. Ed. 2d 590 (1989); see also *Assn. of Data Processing Service Organizations* v. *Camp,* 397 U.S. 150, 153, 90 S. Ct. 827, 25 L. Ed. 2d 184 (1970); *Ducharme* v. *Putnam,* 161 Conn. 135, 139, 285 A.2d 318 (1971). "The decision [granting a motion to dismiss] is rendered in the form of a final judgment dismissing the action. . . . [H]owever, only *the present action has been terminated and no decision*

*on the merits has been made.* In some situations the plaintiff by amendment may cure the defect and have the case reinstated. In others, the plaintiff can proceed only by initiating a new action." (Emphasis added.) 1 E. Stephenson, Connecticut Civil Procedure (1971 & Cum. Sup. 1982) § 153, pp. 615, 616. Other procedural avenues being unavailable, General Statutes § 52-592 (a) specifically authorizes the plaintiff to commence a new action in the event that "the action has been dismissed for want of jurisdiction." We therefore conclude that the motion to dismiss in the second action should not have been granted.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the trial court's judgment.

In this opinion the other justices concurred.

