[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On July 18, 1991, the plaintiff, Stanley Johnson, filed a one count complaint against Lawrence Meachum, Commissioner of Corrections of the State of Connecticut, seeking monetary damages for injuries sustained while the plaintiff was incarcerated at Community Correctional Center at Hartford. The plaintiff alleges that notice was given to the claims commissioner pursuant to Connecticut General Statutes 4-147 et seq. of his intention to pursue a claim against the State of Connecticut. The plaintiff attached the notice to his complaint. The plaintiff also alleges that the defendant breached a statutory duty owed to the plaintiff but failed to define with particularity the statutory duty. The plaintiff does not allege that the claims commissioner consented to suit as required by General Statutes 4-160(b).
The defendant has filed a motion to dismiss the plaintiff's complaint asserting that the court lacks subject matter jurisdiction to hear the claim based on sovereign immunity. As required by Practice Book 143, the defendant has filed a memorandum of law in support of his motion. The plaintiff has failed to file a response to the defendant's motion to dismiss.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). The motion to dismiss admits all facts which are well pleaded. Barde v. Board of Trustees, 207 Conn. 59, 62, CT Page 10707539 A.2d 1000 (1988). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano Organ Co. v. Blake, 186 Conn. 295,297, 441 A.2d 183 (1982).
Prior to the amendment to Practice Book 143, effective October 1, 1989, the failure to file a memorandum in opposition to a motion to dismiss was deemed consent to the granting of the motion. "Practice Book 143 [has] been amended so that a party who files an untimely memorandum is no longer deemed to consent to the granting of the motion." Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 13, 578 A.2d 646 (1990). While the filing of a memorandum in opposition remains mandatory and the failure to file one may serve as a ground for dismissal, the court will decide the motion to dismiss on its merits.
A. Sovereign Immunity
In support of his motion to dismiss, the defendant claims that the court lacks subject matter jurisdiction based on sovereign immunity. The court in Krozser v. New Haven,212 Conn. 415, 562 A.2d 1080 (1989) sets forth the general principles of sovereign immunity, stating:
 We have long recognized the common-law principle that the state cannot be sued without its consent . . . . We have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is in effect against the state. . . . Therefore, we have dealt with such suits as if they were solely against the state. . . .
Krozser, supra, 420. (Citations omitted). Because the defendant is an agent of the state, the state is the real party to the suit and is entitled to sovereign immunity unless some exception can be found.
The defendant raises two exceptions to sovereign immunity, violation of a constitutional right and consent by the claims commissioner, and discusses why they do not apply. Before addressing the two exceptions to sovereign immunity raised by the defendant, it is necessary to address one not raised by the defendant, waiver of immunity by statute.
1. Statutory Consent CT Page 10708
"The General Assembly, by appropriate legislation, can waive the state's sovereign immunity from suit and authorize suits against the state." Lacasse v. Burns, 214 Conn. 464,468, 572 A.2d 357 (1990). One example of such a situation is the defective highway legislation. Lacasse, supra. Practice Book 109A requires that when a claim is made pursuant to a statute it shall be specifically identified by its number. The court in Rowe v. Godou, 209 Conn. 273, 550 A.2d 1073 (1988), has found the language of 109A to be directory rather than mandatory and, therefore, failure to specifically identify a statute is not fatal. Rowe, supra, 275.
The plaintiff has alleged that the defendant breached a statutory duty owed to the plaintiff but does not identify any specific statutory duty. The court finds no statute which would waive the defendant's immunity on these facts.
2. Constitutional Claim
"Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute." Krozser, supra, 421. "In a constitutional democracy sovereign immunity must relax its bar when suits against the government complain of unconstitutional acts." Barde v. Board of Trustees, 207 Conn. 59, 64,539 A.2d 1000 (1988). If the plaintiff alleges a constitutional claim or that a state official was acting in excess of his/her authority, sovereign immunity would not act as a bar to the plaintiff's claim. Kroszer and Barde, supra. The plaintiff s complaint alleges neither. The plaintiff's one count complaint alleges statutory negligence on the part of the defendant and nothing further. The plaintiff's complaint alleges neither a constitutional violation nor that a state official acted in excess of his/her statutory authority. Therefore, unless the plaintiff obtained consent to sue the state pursuant to General Statutes 4-141 et seq. the defendant is entitled to assert sovereign immunity.
3. General Statutes 4-141 et seq.
The defendant, in support of his motion to dismiss, claims that the plaintiff has failed to obtain consent to sue the state pursuant to 4-160. The plaintiff alleges that notice of his intention to pursue a claim for monetary damages against the state was given pursuant to 4-147.
Section 4-147 sets forth the procedure for filing a claim against the state. To pursue a claim against the state, an individual must present the claim to the claims commissioner. General Statutes 4-147. After consideration of the claim, the CT Page 10709 claims commissioner can: (1) settle a dispute for less than $7,500; (2) make a recommendation to the legislature in cases greater than $7,500 or (3) authorize a suit against the state. General Statutes 4-158 through 4-160.
Connecticut General Statutes 4-160(a) allows the claims commissioner to authorize suits against the state, thus waiving immunity. General Statutes 4-160(a). Consent is a precondition to the suit and must be specifically plead by the claimant. Krozser, supra. In Krozser the court stated:
 Before a claimant may pursue any monetary claim against the state, if the doctrine of sovereign immunity is applicable the state must consent to be sued. The claims commissioner . . . may waive that immunity, pursuant to General Statutes 4-160(a), and consent to suit. Until that happens, however, the Superior court has no jurisdiction to hear such a monetary claim (Citations omitted).
Krozser supra.
The plaintiff allegedly has given notice pursuant to4-147. However, there is no record of the claims commissioner consenting to suit against the defendant state pursuant to4-160. Accordingly, this court lacks jurisdiction to hear the claim. The defendant's motion to dismiss is granted.
SCHALLER, J.