[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS (#106)
On November 6, 1991, the plaintiff, Chrysler Credit Corporation CT Page 2588 ("Chrysler"), a corporation organized under the laws of a state other than Connecticut, filed a complaint against, inter alia, defendants Karen Blassberg (also known as Karen Kubran), Jack Kubran and Watertown, Connecticut-based Five Sons Realty. Defendant Susan Kubran resides in the Judicial District of Danbury and defendant Jack Kubran resides in the Judicial District of Hartford. The plaintiff alleges improper payments to "insiders" and related parties of Tri City Dodge, Inc., an automobile dealership located in Watertown, Connecticut. Chryster claims that funds properly belonging to it as the proceeds of collateral in which it was secured were funneled to individual defendants, including the Kubrans, through defendant Five Sons Realty, which allegedly owns the dealership property.
On December 12, 1991, defendants Jack Kubran and Karen Kubran filed a motion to dismiss the complaint because of improper venue and attached thereto a supporting memorandum. On February 13, 1992, the plaintiff filed a memorandum in opposition to the motion to dismiss.
The motion to dismiss is the proper manner by which to raise improper venue. Practice Book 143(3). See also Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 12 n. 1, 578 A.2d 646
(1990).
General Statutes 51-345(c)(3), states, in pertinent part, that "[i]n all actions by a corporation . . .civil process shall be made returnable as follows: (3) If the plaintiff is a foreign corporation and the defendant is a resident, to the judicial district where the defendant resides.
However, General Statutes 52-351 states that "[n]o cause shall fail on the ground that it has been made returnable to an improper location." Sprague v. Commission on Human Rights and Opportunities,3 Conn. App. 484, 486 (1985). Thus, improper venue would only be grounds to transfer the matter, A. Petrucci Construction Co. v. Alaimo Excavators Blasters. Inc., 2 CTLR 106, 107 (July 9, 1990, Fuller, J.) Consequently, in accordance with General Statutes 52-351, the motion to dismiss is denied.
PICKETT, JUDGE