[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
ISSUE CT Page 3820
Should the court grant Defendants' motion to dismiss for the reason that it is not subject to jurisdiction in this State.
FACTS
The plaintiff, Dulara Building Investment Corporation ("Dulara"), filed this three count action on December 16, 1991 against the defendants, The Boston Five Mortgage Co. ("Boston Mortgage") and The Boston Five Cents Savings Banks, FSB ("Boston Five"). The plaintiff alleges in the first count of its complaint that the defendants intentionally misrepresented through their agent, employee and servant, David Wilson, that the defendants would be providing loan money to Universal Development Corp. ("U.S.C."), who is not a party to this action, which U.S.C. would use to pay the plaintiff for labor and supplies provided by the plaintiff to UDC at UDC's construction sites. In the second count the plaintiff to provide the labor and supplies to UDC, and that the defendants breached the contract. In the third count the plaintiff alleges that the defendants were unjustly enriched by the plaintiff's provision of labor and services to UDC's construction sites.
In its complaint, the plaintiff alleges that Boston Mortgage is a corporation authorized to do business in the State of Connecticut with its principal office located in Boston, Massachusetts. The plaintiff also alleges that Boston Five is a banking institution authorized to do business in the State of Connecticut with it principal office located in Boston, Massachusetts.
On January 14, 1992, both defendants filed an appearance. On February 11, 1992, the defendant Boston Five filed a timely motion to dismiss this action as against it on the ground that the court lacks personal jurisdiction over it. In support of its motion, Boston Five filed a memorandum of law and the affidavit of Mary Lenihan, a loan officer at Boston Five. The plaintiff did not file a memorandum in opposition to the motion as required by Practice Book Sec. 143.
DISCUSSION
A motion to dismiss is the proper vehicle to challenge the personal jurisdiction of the court. Practice Book 143. If a motion to dismiss does not seek to introduce facts outside of the record, it admits all facts well pleaded. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983). The CT Page 3821 complaint is construed most favorably to the plaintiff. American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217,459 A.2d 1031 (1983). However, where, as here, a motion to dismiss is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988).
Failure to File Memorandum in Opposition
Practice Book 143 provides that "[i]f an adverse party objects to this motion to dismiss, he shall, at least five days before the motion is to be considered on the short calendar, file and serve in accordance with Sec. 120 a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record. (Emphasis added). Although Practice Book 143 has been amended so as to delete the provision that stated that an adverse party's failure to file a timely memorandum in opposition is deemed to have consented to the granting of the motion; see Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 12-13 n. 1,578 A.2d 646 (1990); that section 143 still provides that the adverse party shall file a memorandum if he objects. Accordingly, the court may choose to grant the defendant's motion to dismiss on the ground that the plaintiff has failed to file a memorandum in opposition to the motion. See Olshefski v. Stenner, 2 Conn. L. Rptr. 477, 478 (September 27, 1990, Clark, J.) (holding that with the deletion of analogous language from 155, failure to file a timely opposing memorandum to motion to strike is not necessarily fatal and court may address merits of motion. However, despite amendment to 155, filing of a memorandum in opposition is mandatory and failure to file such may still serve as a ground for granting the motion). Lack of Personal Jurisdiction.
If a motion to dismiss is used to assert lack of personal jurisdiction over a foreign corporation, then a two-part inquiry is necessary. Frazer v. McGowan, 198 Conn. 243, 246,502 A.2d 905 (1986). The court must first decide whether the applicable state long arm statute authorizes the assertion of jurisdiction under the particular facts of the case. Id.; see Lombard Brothers, Inc. v. General Asset Management Co.,190 Conn. 245, 250, 460 A.2d 481 (1983). If the statutory requirements are met, the court must then decide whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. Frazer v. McGowan, supra; see Lombard Brothers, Inc. v. General Asset Management Co., supra. The plaintiff bears the burden of establishing CT Page 3822 an adequate factual basis for personal jurisdiction over a defendant. United States Trust Co. v. Bohart, 197 Conn. 34,39, 495 A.2d 1034 (1985); see Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503 (1983).
General Statutes 33-411 (a) provides the procedure for service of process "in connection with any action or proceeding required or permitted by law to be served upon a foreign corporation authorized to transact business in this state. . . ." Section 33-411 (b) provides that "[e]very foreign corporation which transacts business in this state in violation of section33-395 or 33-396 shall be subject to suit in this state upon any cause of action arising out of such business." General Statutes 33-411 (c) provides as follows:
 (c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; or (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.
Boston Five argues that "it has no contacts with Connecticut; it is a federal savings bank with its principal place of business in Boston, Massachusetts. It cannot and does not have authority CT Page 3823 to conduct any business in Connecticut. It did not make the loan in question nor does it have any contractual relationship with either UDC or Dulara." (Boston Five's memorandum, pp. 45). Boston Five further argues that while Dulara treats Boston Five and Boston Mortgage as interchangeable entities in its complaint, they are separate institutions. Boston Five maintains that it is Boston Mortgage which is in the business of making loans and which in this case employed Wilson and entered into the loans in question.
In the affidavit submitted by Boston Five in support of its motion, Mary Lenihan, a loan officer of Boston Five, states that Boston Five is not authorized and has no certificate of authority to conduct business in Connecticut, and that Boston Five does not transact any business in Connecticut. (Lenihan affidavit, paras. 3, 4). Lenihan further attests that Boston Five does not now, nor did it ever, employ Wilson, that it did not make any of the loans in question to UDC, and that it did not have any business dealing with UDC or Dulara. (Lenihan affidavit, paras. 5, 6, 7).
On the basis of the foregoing facts, which are uncontested by the plaintiff, none of the provisions of Connecticut's corporate long arm statute, General Statutes 33-411, apply to bring Boston Five within this court's jurisdiction. Because none of the provisions of section 33-411 authorizes the assertion of jurisdiction over Boston Five under the particular facts of this case, the court need not address whether the exercise of jurisdiction over Boston Five would violate constitutional principles of due process. Accordingly, the defendant Boston Five's motion is granted and this action is dismissed as to Boston Five.
It is so ordered.
AUSTIN, JUDGE