[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS
The plaintiffs, John and Carol Maschi, residents of New Hartford, Connecticut, bring this action for breach of contract against the defendant, John Dovitski, d/b/a Terryville Construction Company. Mr. Dovitski resides in Bristol, Connecticut. On April 16, 1992, the defendant filed a motion to dismiss, and attached thereto a supporting memorandum. On April 24, 1992, the plaintiff filed a memorandum in opposition thereto.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701,710, 579 A.2d 1 (1990), "whenever the court determines that it lacks CT Page 7112 jurisdiction over the subject matter, the action shall be dismissed." Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429-30,541 A.2d 1216 (1988). The motion to dismiss is also the proper manner by which to raise improper venue. Practice Book 143(3). See also Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 12 N.1,578 A.2d 646 (1990).
In a memorandum devoid of any legal authority, the defendant contends that the plaintiffs' complaint is vexatious, without probable cause, and filed with a malicious intent to vex and trouble the defendant in violation of General Statute 52-568. The defendant also claims that venue is improper pursuant to General Statutes 52-345(3)(B) and, therefore, that the motion to dismiss should be granted. In their opposing memorandum, the plaintiffs rebut these claims.
Section 52-568 states, in pertinent part, that:
 (a) Any person who commences and prosecutes any civil action or complaint against another . . . (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages. . . .
General Statutes 52-568(a).
Thus, 52-568 provides for damages and is not a proper ground upon which to base a motion to dismiss. See, e.g., Practice Book 142-146. Additionally, if the defendant's 52-568 argument could be construed as a challenge to this court's subject matter jurisdiction, such a challenge must fail because, as was mentioned, supra, that section provides a measure of damages. Thus, the court's subject matter jurisdiction is in no way implicated.
The defendant also claims that, pursuant to General Statutes51-345(3)(B), Litchfield is not the proper venue for this matter. Such a contention is misplaced. Indeed, 51-345(3)(B) states, in pertinent part, that:
 . . .If either the plaintiff or the defendant resides in the town of Plymouth, the action may be made returnable . . . to either the judicial district of New Britain or the judicial district of Waterbury. (Emphasis added.)
General Statutes 51-345(3)(B).
The plaintiffs reside in New Hartford, while the defendant resides in Bristol. Because the provisions of 51-345(3)(B) pertain to a party's residence, that section is inapplicable here. Thus, the venue in this court is proper. General Statutes 51-345(3). Accordingly, the defendant's motion to dismiss is denied. CT Page 7113
PICKETT, J.