[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS (#101)
The following facts are based on the contents of the record. The plaintiff, Marketing Communications Corporation, Inc., is a Connecticut corporation with a principal place of business in Essex, Connecticut. The defendant, Meriden Orthopedic Group, P.C., is a Connecticut corporation with a principal place of business in Meriden, Connecticut. The plaintiff commenced this action in the Judicial District of Middlesex.
The defendant now moves to dismiss this action CT Page 8114 on the ground that venue is improper in the Judicial District of Middlesex.
"Practice Book Sec. 143 provides in relevant part: `The motion to dismiss shall be used to assert . . . (3) improper venue. . . .'" Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 12 n. 1, 578 A.2d 646
(1990).
Venue in this case is controlled by General Statutes Sec. 51-345(c), which provides, in pertinent part:
 Actions by a corporation. In all actions by a corporation, except actions made returnable under subsection (b) of this section [controlling actions involving title to land, trespass to land and foreclosure of mortgages and liens], civil process shall be made returnable as follows:
. . . .
 (2) If the plaintiff is either a domestic corporation or a United States corporation and the defendant is a corporation, domestic or foreign, to the judicial where (A) the plaintiff has an office or place of business, (B) the injury occurred, (C) the transaction occurred, or (D) the property is located or lawfully attached. . . .
Venue is proper if a corporate plaintiff has filed its action in any judicial district which comports with the four venue choices provided by General Statutes Sec. 51-345(c)(2) to corporate plaintiffs in action against corporate defendants. Despite the defendant's argument to the contrary, the four venue choices are not factors to be weighed by the court. It is undisputed that the plaintiff has a place of business in Essex, Connecticut. Essex is in the Judicial District of Middlesex. General Statutes Sec.51-344(6). Accordingly, venue is proper in the Judicial District of Middlesex.
Despite the defendant's argument to the contrary, the defendant may not rely on the provisions of General Statutes Sec. 51-345(d). By its terms, the venue provisions of General Statutes Sec. 51-345(d) is available only to "natural persons" and not to corporations such as CT Page 8115 the defendant. The motion to dismiss is denied.
HIGGINS, J.