[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The plaintiff, Marijane Mitchell, filed a twelve count amended complaint on May 8, 1992 against the defendant City of New London. The plaintiff alleges in the relevant portion of her complaint that she was appointed to the position of Director of health by the defendant City on April 5, 1982 and was discharged therefrom on September 25, 1986. The plaintiff alleges in the eleventh count of her complaint that:
 11. Plaintiff was discharged other than "for cause."
 12. Defendant City removed Plaintiff from the Director of health position without obtaining the approval from same from the State of Connecticut Commissioner of Health Services.
 13. Defendant City did not provide notice in writing of Defendant City's removal of Plaintiff from the Director of Health position to said Commissioner of Health Services.
 14. Said Commissioner of Health Services did not file with the Clerk of the Defendant City any approval or disapproval of the Defendant City's removal of Plaintiff from her Director of Health position.
 15. The actions of Defendant City, listed above in Paragraphs 1 through 14 violates Connecticut General Statutes 19a-200.
 16. Plaintiff as a result of the Defendant City's actions, as listed herein, was damaged, as hereinafter set forth. CT Page 8405
The defendant filed a motion to strike the eleventh count of the plaintiff's complaint, accompanied by a memorandum of law, on June 12, 1992 on the grounds that it is legally insufficient because the statute upon which the claim rests does not authorize a private right of action and such an action cannot be implied. The defendant asserts, in the alternative, that even if the statute does authorize a private cause of action the plaintiff's alleged action is legally insufficient because it is not ripe.
The plaintiff has not filed a memorandum in opposition to the defendant's motion to strike.
A motion to strike is a means of challenging the sufficiency of a pleading. Mingachos v. CBS, Inc., 196 Conn. 91,109, 491 A.2d 368 (1985). A court, in reviewing a motion to strike, "is limited to considering the grounds specified in the motion." Meredith v. Police Commissioner, 182 Conn. 138,438 A.2d 27 (1980). If facts provable under the allegations would support a cause of action, the defendant's motion to strike must fail. Mingachos, supra, 109.
Although Practice Book 155 requires a party opposing a motion to strike to file a memorandum in opposition, this requirement is waivable by the court. See Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11,578 A.2d 546 (1990); Fitzpatrick v. East Hartford B.P.O. Elks, 3 Conn. L. Rptr. 163, 164 (January 25, 1991, Clark, J.).
It is within the court's discretion to consider the defendant's motion to strike on its merits despite the" plaintiff's violation of Practice Book 155.
In count eleven of the plaintiff's complaint, the plaintiff seeks damages under General Statutes 19a-200 which is entitled "City, Borough and Town Directors of Health."19a-200 of the General Statutes authorizes the executive officer of each city or town to appoint a director of health, setting out the qualifications which a candidate must possess as well as the duties of the office. The statute also sets out the procedure by which the executive may remove the director from office. The statute does not impose any penalty on a city or town should they violate the statute, nor does it provide a director, of health appointed under the statute a remedy for its violation.
The issue of whether General Statutes 19a-200
provides a private cause of action has yet to be addressed by the courts of this state. CT Page 8406
The resolution of the issue of whether General Statutes 19a-200 provides a private cause of action requires a legal determination. As such, the resolution of this issue may not be made on a motion to strike. See Kelvin Corporation v. William Foley d/b/a Wm. Foley Sons, Inc., 7 CTLR 64 (July 15, 1992, Lewis, J.).
The grounds upon which the defendant seeks to strike the eleventh count of the plaintiff's complaint, that General Statutes 19a-200 does not provide a private cause of action, requires a legal determination which may not be made on a motion to strike.
The motion to strike is denied.
Leuba, J.