[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE (#116)
On December 13, 1989, the plaintiff, Kenneth W. Smart, alleges that he sustained injuries as a result of a collision with Ann J. Light. The plaintiff was, at the time of the accident, working in the course of his employment for the Bantam Supply Company, Inc. The plaintiff filed suit against the estate of Ann J. Light, hereinafter "the defendant", on December 19, 1990. The Bantam Supply Co., Inc., hereinafter "the intervening plaintiff", moved to intervene in the action on February 22, 1991 pursuant to General Statutes 31-293. The motion was granted on March 4, 1991. On March 11, 1991, the intervening plaintiff filed a complaint against the defendant claiming reimbursement for sums paid to the plaintiff Smart as required by the Worker's Compensation Act. On April 23, 1992, the defendant filed a special defense, labeled as a cross claim, in response to the intervening plaintiff's complaint. The special defense alleges that the intervening plaintiff's negligence was the cause, in whole or in part, of the plaintiff Smart's injuries and requires that the defendant's liability be reduced accordingly. On May 7, 1992, the intervening plaintiff moved to strike the defendant's cross claim on the ground that an intervening employer's negligence is not a defense to its statutory claim for worker's compensation reimbursement. A memorandum of law was submitted with the motion. The defendant did not respond to the motion.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142561 A.2d 432 (1989). The sole inquiry at this state [of the pleadings] is whether the . . .allegations, if proved, state a cause of action." Levine v. Bess and Paul Sigel Hebrew Academy of Greater Hartford, Inc.,39 Conn. Sup. 129, 132, 471 A.2d 679 (1983).
Although Practice Book 155 requires a party opposing a motion to strike to file a memorandum in opposition, this requirement is waivable by the court. See Southport Manor Convalescent Center, Inc. v. Foley, CT Page 8795216 Conn. 11, 578 A.2d 646 (1990); Fitzpatrick v. East Hartford B.P.O. Elks,3 Conn. L. Rptr. 163, 164 (January 25, 1991, Clark, J.) It is within the court's discretion to consider the intervening plaintiff's motion to strike on its merits despite the defendants' failure to oppose the motion.
The intervening plaintiff argues in its memorandum of law that the motion to strike the defendant's special defense should be granted because the defense of comparative negligence raised by the defendant is not a bar to the intervening plaintiff's claim for reimbursement under General Statutes 31-293.
Preliminarily, it is noted for the court that the defendant asserted the intervening plaintiff's negligence as a defense to the intervening plaintiff's complaint by way of a pleading labeled as a "cross claim." Negligence defenses must be specially pleaded. Delott v. Roraback,179 Conn. 406, 414, 426 A.2d 791 (1980); General Statutes 52-572h(b). Further, a cross claim is appropriately asserted by a defendant against other defendants. Practice Book 116.
Regardless of the procedural flaws in the defendant's pleading, the defense raised is substantively invalid. An employer's negligence is not a bar to reimbursement under General Statutes 31-293. Durniak v. August Winter Sons, Inc., 222 Conn. 775, 782, ___ A.2d ___ (1992).
The defendant's special defense is stricken because it does not state facts that give rise to a defense to a cause of action claiming reimbursement and brought pursuant to General Statutes 31-293. Further, it does not meet the Practice Book 116 requirements for a cross claim.
PICKETT, J.