[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On or about July 8, 1991, the plaintiff, Garfield Coleman, was terminated from employment with the Connecticut Department of Corrections. On July 18, 1994, the plaintiff filed a one count complaint against the defendant, the Connecticut Department of Corrections, pursuant to General Statutes § 46a-99. The plaintiff alleges that he was terminated on the basis of race, in violation of General Statutes § 46a-70 (a). CT Page 2310
On September 28, 1995, the defendant filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction. In addition to its arguments regarding lack of subject matter jurisdiction, the defendant argues that the plaintiff's claim is barred by the applicable statute of limitations. Because this claim is not necessary for resolution of the defendant's motion, this argument will not be addressed. On the same date, in accordance with Practice Book § 143, the defendant filed a memorandum in support of its motion to dismiss.
On October 12, 1995, the plaintiff filed a memorandum in opposition to the defendant's motion to dismiss, asserting that his claim falls within the scope of General Statutes §46a-99, which provides a plaintiff with direct access to Superior Court.
The purpose of a motion to dismiss is to "contest the court's jurisdiction." Practice Book § 142. See also Southport ManorConvalescent Center. Inc. v. Foley, 216 Conn. 11, 16,578 A.2d 646 (1990). In other words, "a motion to dismiss . . . essentially assert[s] that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Citations omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1990).
Subject matter jurisdiction is an appropriate basis for a motion to dismiss. Practice Book § 143. "Jurisdiction over the subject matter is the court's power to hear and decide cases of the general class to which the proceedings at issue belong . . . [a] court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy. This jurisdiction relates to the court's competency to exercise power." (Citations omitted.) Vincenzo v. Warden, 26 Conn. App. 132,134-35, 599 A.2d 31 (1991).
In addition, "[b]ecause the doctrine requiring exhaustion of administrative remedies implicates subject matter jurisdiction," a motion to dismiss may assert that the plaintiff fails to exhaust administrative remedies. Payne v. FairfieldHills Hospital, 215 Conn. 675, 679, 577 A.2d 1025 (1990). "[I]t is a settled principle of administrative law that if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." O G Industries. Inc. v. Planning Zoning Commission, 232 Conn. 419, CT Page 2311 425, 655 A.2d 1121 (1995). This requirement "reflects the legislative intent that such issue be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment." (Internal quotation marks omitted.) Id.
The initial question to be addressed is whether General Statutes § 46a-60 (a) or General Statutes § 46a-70 (a) would be violated by the defendant's alleged conduct. The resolution of this question will determine whether the plaintiff may seek redress in Superior Court, pursuant to General Statutes § 46a-82, or whether the plaintiff must first file a complaint with the Commission on Human Rights and Opportunities ("CHRO"), pursuant to General Statutes § 46a-99.
General Statutes § 46a-70 (a) provides, in relevant part, that "[s]tate officials and supervisory personnel shall recruit,appoint, assign, train, evaluate and promote state personnel on the basis of merit and qualifications without regard forrace . . . ." (Emphasis added.) In contrast, General Statutes § 46a-60 (a) provides, in relevant part, that "[i]t shall bea discriminatory practice in violation of this section: (1) For an employer, by himself or his agent . . . to refuse to hire or employ or to bar or to discharge from employment any individual
or to discriminate against him in compensation or in terms, conditions or privileges of employment because of the individual's race . . . ." (Emphasis added.)
In the present case, the plaintiff alleges that he was unjustly terminated on the basis of race. General Statutes §46a-60 (a) addresses discharge from employment; therefore General Statutes § 46a-60 (a) governs the plaintiff's claim.
The next question is, whether General Statutes § 46a-82
or General Statutes § 46a-99 describes the avenue the plaintiff must follow to seek redress for the defendant's alleged violation of General Statutes § 46a-60 (a). General Statutes § 46a-99 provides, in relevant part, that "[a]ny person claiming to be aggrieved by a violation of any provision of sections 46a-70 to 46a-78 . . . may petition the superior court for appropriate relief and said court shall have the power to grant such relief, by injunction or otherwise, as it deems just and suitable." (Emphasis added.) General Statutes § 46a-82
(a) provides, in relevant part, that "[a]ny person claiming to be CT Page 2312 aggrieved by an alleged discriminatory practice . . . may, by himself or his attorney, make, sign and file with the commission a complaint in writing under oath, which shall state the name and address of the person alleged to have committed the discriminatory practice, and which shall set forth the particulars thereof and contain such other information as may be required by the commission."
Because the defendant's alleged conduct violates General Statutes § 46a-60 (a), not General Statutes § 46a-70 (a), the plaintiff may not petition the Superior Court for relief pursuant to General Statutes § 46a-99. Rather, pursuant to General Statutes §§ 46a-54 and 46a-56 (a), the CHRO has jurisdiction over the plaintiff's claim. General Statutes §46a-56 (a) provides, in relevant part, that "[t]he commission shall . . . (3) Investigate and proceed in all cases of discriminatory practices as provided in this chapter [General Statutes §§ 46a-51 through 46a-125] . . . ." Specifically, General Statutes § 46a-54 provides that "[t]he commission shall have the following powers and duties . . . (8) To receive, initiate as provided in section 46a-82, investigate and mediate discriminatory practice complaints[.]" (Emphasis added.)
Thus the plaintiff may only pursue his claim by filing a complaint with the CHRO in accordance with General Statutes §46a-82. The plaintiff may only appeal directly to Superior Court pursuant to General Statutes § 46a-100, which provides in relevant part that "[a]ny person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82, alleging a violation of section46a-60 and who has obtained a release from the commission inaccordance with section 46a-101,[1] may also bring an actionin the superior court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the respondent transacts business. . . ." (Emphasis added.)
Because the plaintiff has not obtained a release from the CHRO pursuant to General Statutes § 46a-101, the plaintiff may only file a complaint with the CHRO, pursuant to General Statutes § 46a-82 and because the plaintiff has not filed a complaint with the CHRO, he has failed to exhaust his administrative remedies. Therefore, the court lacks subject matter jurisdiction over the present action. Accordingly, the defendant's motion to dismiss is granted. CT Page 2313
Hale, Judge Referee