[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
CT Page 905
The defendant has filed a Motion to Dismiss the plaintiff's October 23, 1997 Motion for Modification of Custody. He claims the plaintiff failed to commence the action by an Order to Show Cause in accordance with Practice Book § 1202 effective October 1, 1997.
FACTS
A decree dissolving the marriage of the parties entered on January 4, 1994. There was one minor child issue of the marriage, Thomas C. Foley, Jr., born October 25, 1990. The court ordered as follows: "The parties shall have joint legal and physical custody of their son. They shall continue with the equal sharing of Thomas according to the current 28 day schedule which the parties have been using." On September 16, 1997 the defendant, by new counsel appearing of record, filed a Motion for Modification of the visitation schedule. That motion is currently pending before the Superior Court.
On October 23, 1997 the plaintiff filed a motion entitled "Post-Judgment Motion for Modification of Custody". The motion was served on the defendant's new counsel of record pursuant to Practice Book §§ 121 (a) and 122 by mailing a copy to counsel of record. No Order to Show Cause was filed.
On November 7, 1997 the defendant filed this Motion to Dismiss claiming that service on counsel in accordance with Practice Book §§ 121 and 122 was no longer the method of serving a motion requesting a change of custody post-judgment. The defendant argued that the October 1, 1997 Practice Book § 1202 requires that a complaint in an action for custody of a minor child "shall be commenced by an order to show cause". The defendant moved pursuant to Practice Book § 1212 and § 1213 (2) and (4) that the October 23, 1997 "Post-Judgment Motion for Modification of Custody" be dismissed. Both parties filed briefs and after oral argument on December 15, 1997, submitted this matter to the court.
DISCUSSION OF LAW
A motion to dismiss shall be used to assert the lack of jurisdiction over the subject matter. Southport ManorConvalescent Center, Inc. v. Foley, 216 Conn. 11, 12 (1990). CT Page 906 Jurisdiction over the subject matter cannot be waived or conferred by consent. Serrani v. Board of Ethics, 225 Conn. 305,308 (1993). When deciding a motion to dismiss, the court's "inquiry usually does not extend to the merits of the case".Southport Manor Convalescent Center, Inc. v. Foley, supra p. 16. "The motion to dismiss admits all well pleaded facts . . . the complaint being construed most favorably to the plaintiff."Duguay v. Hopkins, 191 Conn. 222, 227 (1983). Subject matter jurisdiction has been defined as "the power of the court to hear and to determine cases, the general class to which the proceedings in question belongs". Grant v. Bassman,221 Conn. 465, 470 (1992). Subject matter jurisdiction is proper "if the court has the authority to adjudicate a particular type of legal controversy". Plasil v. Tableman, 223 Conn. 68, 71 (1993). Every presumption favoring jurisdiction should be indulged. ConnecticutLight Power v. Costle, 179 Conn. 415, 421 (1980).
A modification of the Practice Book took place on October 1, 1997 regarding family matters. Chapter 41B, entitled "Procedure in Family Matters," was added as Practice Book §§ 1200 through 1271. Other sections of the Practice Book specifically related to domestic relations matters were deleted and/or modified. All older sections were moved to Chapter 41B and renumbered.
Practice Book § 1202, entitled "Action for Custody of Minor Child", is one of the new provisions.
 Every complaint in an action for custody of a minor child, other than actions for dissolution of marriage, legal separation or annulment, shall state the name and date of birth of such minor child or children, the names of the parents and legal guardian of such minor child or children, and the facts necessary to give the court jurisdiction. The complaint shall comply with Sec. 1204. Such complaint shall be commenced by an order to show cause.
The defendant argues that this Post-Judgment Motion for Modification of Custody is "a complaint in an action for custody" and, therefore, should be dismissed since it was not commenced pursuant to an Order to Show Cause.
The plaintiff argues that this is a motion to modify and as such is controlled by Practice Book § 1227 also amended on CT Page 907 October 1, 1997. (Formerly Practice Book § 464). "Either parent or both parents of minor children may be cited or summoned by any party to the action to appear and show cause, if any they have, why orders of custody, visitation, support or alimony should not be entered or modified." Practice Book § 1227 (b). The plaintiff claims that the plain language of this section does not mandate the use of an order to show cause in filing a motion to modify.
CONCLUSION
Despite the inclusion of Chapter 41B, other provisions of the Practice Book are still applicable to family matters. Other Practice Book rules govern attorney's appearances, discovery, and depositions. "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." Practice Book § 6. The service of pleadings on appearing attorneys remains the rule. Practice Book § 122. The "General Rules of Pleading-Service of the Pleadings and Other Papers" is applicable to family matters. Practice Book § 120 et seq.
The court concludes that the plaintiff, having filed a Motion to Modify Custody, complies with Practice Book § 1227 by serving appearing counsel by mail. Practice Book § 122. This is sufficient process. Practice Book § 1213 (4). There is no lack of jurisdiction over the person of the defendant, whose counsel, by filing an appearance, has been designated the defendant's proper authority to receive pleadings. Practice Book § 1213 (2) and Practice Book § 122. The plaintiff does not have to comply with Practice Book § 1202 since the initial action was commenced in 1991. Practice Book § 1202 refers only to the initial commencement of a custody action, not to the later modification of the custody orders of a judgment. "When a party is represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court." Practice Book § 121 (a). As of the date of the motion, the defendant's counsel had filed an appearance. Counsel was served pursuant to Practice Book § 121 (a). There was no court order requiring service upon the defendant. The Motion to Dismiss is denied.
TIERNEY, J. CT Page 908