[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
This action arises out of an oral contract between the parties for whelping[1] and boarding a Yorkshire Terrier named "Clara." The plaintiff, Margaret N. Bucky, is the original dog owner. The defendant, Grace Morgan, is the breeder.
On January 16, 2001, the plaintiff filed a one count complaint against the defendant for breach of contract. The plaintiff alleges that the parties entered into an oral contract on April 9, 2000, whereby the defendant was to whelp Clara for a fee of one hundred dollars and to board her for a fee of five dollars per day.
The defendant argues that on April 10, 2000, the plaintiff signed a written release, which stated: "I give the above described dog [Clara] to Grace Morgan and give up all claim to same, plus any puppies she may have."
The plaintiff further alleges that in June, 2000, the contract was modified by oral agreement at the request of the defendant and that under the modified contract: (1) the defendant would not charge the plaintiff for whelping or boarding; (2) the parties would evenly split any additional liters of Clara; (3) the defendant would be the only person to care for Clara; (4) the defendant would keep possession of Clara only as CT Page 9265 long as she was physically able to care for Clara; and (5) if any of the conditions were broken, then Clara would be returned to the plaintiff. The plaintiff alleges that in November, 2000, she discovered the following: (1) the defendant was no longer physically able to care for Clara; (2) the defendant was not the only person who was caring for Clara; and (3) additional litters were born of Clara and the defendant failed to evenly split the litters with the plaintiff. The plaintiff demands, by way of her complaint, specific performance of the oral contract, namely that Clara be returned to the plaintiff, along with one half of the additional litters born of Clara.
On February 16, 2001, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to Practice Book §§ 10-30 and 10-31, for lack of subject matter jurisdiction based on the plaintiff's lack of standing to bring this action. The defendant alleges that the plaintiff lacks standing because the plaintiff signed a release April 10, 2000, that "relinquished all claim to . . . Clara and any puppies Clara may have." The defendant filed a memorandum of law in support of her motion to dismiss pursuant to Practice Book § 10-31, along with the affidavits of Grace Morgan and Karen Greene, a woman who was at the defendant's house on April 10, 2000, and a sworn copy of the plaintiff's release dated April 10, 2000.
On February 23, 2001, the plaintiff filed a memorandum of law in opposition to the defendant's motion to dismiss, along with the supporting affidavit of Margaret N. Bucky and other documentation.[2] The matter was heard at short calendar on March 26, 2001, where no testimony was taken but some documentary evidence was submitted to the court.[3]
"The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . . This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record. . . . Any adverse party who objects to this motion shall . . . file and serve . . . a memorandum of law and, where appropriate, supporting affidavits as to facts not apparent on the record." (Internal quotation marks omitted.) Shay v. Rossi, 253 Conn. 134, 140 n. 8, 749 A.2d 1147 (2000); see also Practice Book § 10-31.
"[S]tanding . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings." StamfordHospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821 (1996). "A party . . . need not prove the merits of the case merely to have standing. Standing is an examination of the parties, not the merits of the action."Manchester Environmental Coalition v. Stockton, 184 Conn. 51, 64,441 A.2d 68 (1981). Therefore, "[i]n determining whether [to grant a CT Page 9266 motion to dismiss], the [court's] inquiry usually does not extend to the merits of the case." Southport Manor Convalescent Center, Inc. v. Foley,216 Conn. 11, 16, 578 A.2d 646 (1990). See also Durcharme v. Putnam,161 Conn. 135, 119, 285 A.2d 318 (1971) (the question of standing does not involve an inquiry into the merits of the case; it merely requires the plaintiff to make allegations of a colorable claim of injury to an interest which is arguably protected or regulated by the statute or constitutional guarantee in question.). "The plaintiff has the burden of proving standing." Fink v. Golenbock, 238 Conn. 183, 199, 680 A.2d 1243
(1996).
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has . . . some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy."Lawrence Brunoli, Inc. v. Town of Branford, 247 Conn. 407, 411,722 A.2d 271 (1999). "The standing requirement is designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . To fulfill these goals, the standing doctrine requires a plaintiff to demonstrate two facts. First, the complaining party must be a proper party to request adjudication of the issues. . . . Second, the person or persons who prosecute the claim on behalf of the complaining party must have authority to represent the party. . . . A complaining party ordinarily can show that it is a proper party when it makes a colorable claim of [a] direct injury [it] has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy. . . . To demonstrate authority to sue, however, it is not enough for a party merely to show a colorable claim to such authority. Rather, the party whose authority is challenged has the burden of convincing the court that the authority exists." (Citations omitted; internal quotation marks omitted.) Golden Hill Paugussett Tribe ofIndians v. Southbury, 231 Conn. 563, 571-72, 651 A.2d 1246 (1995).
This is an action for breach of an oral contract based on the ownership of a dog and its progeny. The parties in the current action have presented two different factual scenarios to explain the ownership of the dogs at the time this action was commenced. Both parties support their claims with affidavits and sworn documentation. The defendant argues that the written release between the parties proves that the plaintiff is no longer the owner of the dogs. The plaintiff argues that she is the owner of the dogs, that the written release is not an integrated contract, and that she was fraudulently induced to sign the release. This disagreement CT Page 9267 between the parties need not be decided at an evidentiary hearing because the disputed issue is the ultimate issue of the case and is appropriately decided at trial, not on a motion to dismiss.
The subject matter of the plaintiff's complaint is the ownership of the dogs. Therefore, the court has subject matter jurisdiction over this issue. In addition, assuming arguendo, that the plaintiff proves she is the lawful owner of Clara, ownership gives rise to the necessary implication that the defendant breached their agreement by failing to return Clara and her litters to the plaintiff. Therefore, the ultimate issue in the case is who is the rightful owner of the dogs. The defendant argues that based upon the signed release, the plaintiff is no longer the owner of Clara and thus, lacks standing to bring the current action. The defendant is improperly urging the court to determine the ultimate issue of the case in the context of a motion to dismiss. See Southport ManorConvalescent Center v. Foley, supra, 216 Conn. 16.
The defendant further argues that the plaintiff does not have the "legal interest" necessary to maintain this breach of contract action. "Considerations of legal interests relate to the merits of the case and not proper considerations in a Motion to Dismiss. Considerations of legal interests goes to the merits whereas on the issue of standing the pleadings must meet the two prong test" of Golden Hill Paugussett Tribe ofIndians v. Southbury, supra, 231 Conn. 571; Turnpike Properties v.Nagot, Superior Court, judicial district of Fairfield at Bridgeport Housing, Docket No. 927861 (November 14, 1994, Tierney, J.). The plaintiff alleges that she contracted with the defendant to whelp her dog. The issue of subject matter jurisdiction and standing in this case is whether the plaintiff has suffered or is likely to suffer a direct injury as a result of the current action. The parties agree that the plaintiff and defendant were in privity of contract. The court finds that the plaintiff has or is likely to suffer a direct injury as a result of the current action. The parties agree that the plaintiff and defendant were in privity of contract. The court finds that the plaintiff has demonstrated that she is a proper party to request adjudication of the breach of contract claim. See Golden Hill Paugussett Tribe of Indians v.Southbury, supra, 231 Conn. 571. In addition, the plaintiff has the proper authority to bring this action because she brought the claim on her own behalf. See id. Therefore, the court finds that the plaintiff has met the two prong test and thus, has standing to pursue the current breach of contract action.
The defendant relies upon Alarmani v. Connecticut Humane Society,
Superior Court, judicial district of New Britain at New Britain, Docket No. 498685 (December 8, 2000, Shapiro, J.), for support of her argument that the plaintiff lacks standing. In Alarmani v. Connecticut HumaneCT Page 9268Society, the plaintiffs brought an action against Connecticut Humane Society for its negligence and recklessness that resulted in the loss of their dog and caused them to suffer severe emotional distress. Id. The plaintiffs alleged the following: (1) they gave their dog to the defendant so that the defendant could find the dog another home; (2) they told the defendant that they would take the dog back if it could not find a home for the dog within seven days; (3) the plaintiffs signed a release form; and (4) the defendants put the dog to sleep the next day. Id. The court granted the defendant's motion to dismiss based on lack of standing because the plaintiffs no longer had any right or interest in the dog after signing the release agreement and the defendant had discretion to either find the dog a home or euthanize her. Id. Alarmani v. ConnecticutHumane Society is distinguishable from the current case for two reasons. First, the cause of action in Alarmani v. Connecticut Humane Society is based on tort law, not contract. Thus, the plaintiff's arguments in the current case that she was induced by fraud to sign the release and that the release was not an integrated contract are proper defenses to formation of a contract, which the release relied on by the defendant may be, not a tort motion to dismiss. The ultimate issue in Alarmani v.Connecticut Humane Society, was whether the defendant was negligent and reckless in euthanizing the dog; at issue in the motion to dismiss was whether the plaintiffs had a proprietary interest in the dog. Therefore, Connecticut Humane Society's argument was a proper basis for a motion to dismiss and thus, the case is distinguishable from the current action, where the ultimate issue is which person has a proprietary interest in the dog based on an alleged contract.
For the foregoing reasons, the court hereby denies the defendant's motion to dismiss.
By the Court,
Joseph W. Doherty, Judge